JAMES CAMPBELL *v.* THOMAS J. CAMPBELL. *

The Supreme Court has not jurisdiction to issue writs of injunction. The justices of this court will not award such writs, except under extraordinary circumstances.

THIS was an application to the court for an injunction.

The bill in this cause was prepared to be filed in the Hancock Circuit Court, to enjoin the collection of taxes levied for railroad purposes, upon the ground of fraud upon the people of Hancock county in the submission of a proposition to take stock in two *roads* by one vote, and that the bonds issued were payable at the American Exchange Bank, in the city of New York.

G. EDMUNDS, for the Application.

*Per Curiam.* We have examined this question carefully, as to our power in this matter, and we are satisfied it does not extend to applications of this character.

The constitution, article five, section five, provides that, "The Supreme Court may have original jurisdiction in cases relative to the revenue, in cases of *mandamus, habeas corpus,* and in such cases of impeachment as may be, by law, directed to be tried before it, and shall have appellate jurisdiction in all other cases." (Scates' Comp., "Organic Laws," 66.)

Here are expressed all the cases in which this court may have original jurisdiction, granting injunctions not being one of them. If this court may have original jurisdiction in cases relating to mandamus, and habeas corpus, and in the others indicated, it

---

* This and the following decision were made at Springfield, at January term 1860.

may not have it in cases not specified, but in all cases not specified, of every kind and description, it "shall have appellate jurisdiction only."

Now unless it can be shown that original applications for injunctions, is an exercise of the appellate jurisdiction of this court, we cannot act. That it is not such an exercise no one will deny. Emphatically this is an appellate court only, having original jurisdiction in a few specified cases.

But it is said the act of Assembly gives this power to the court. The act to which reference is made, entitled "Ne Exeat and Injunctions," sec. 8, (Scates' Comp. 147,) does provide that "the Supreme and Circuit Courts, in term time, and any judge thereof, in vacation, shall have power to grant writs of *ne exeat* and injunction," but as it is not an exercise of the appellate jurisdiction of this court, nor so declared to be, but original jurisdiction in a new case, the power cannot be conferred by statute upon this court. As a court we exercise appellate jurisdiction only, save in the few cases specially enumerated.

This grant, the legislature can neither limit, abridge or enlarge, or interfere with in any manner. When, except in the specified cases, the inferior courts of original jurisdiction have acted, then, and then only, can the power of this court be called into exercise. These powers and duties confided and imposed by the constitution, we are bound by our sacred oaths of office to exercise and perform, and for the performance of which, compensation is provided in the form of salary. As a court we say, we cannot be called upon to perform any duty or exercise any power not specified in the constitution. The legislature may doubtless confer upon the judges of this court the power to perform certain duties at chambers, but the constitution not imposing the duties, their performance might be declined. It would be in the power of the legislature to confer such jurisdiction upon individuals not connected with the administration of justice, or upon the judges of the Circuit Court.

The legislature has provided the most ample facilities by establishing circuit and other courts and providing functionaries throughout the State, to whom applications of this kind can be made, and we take occasion to say, that such is the press of business upon us individually, in the exercise of the original and appellate jurisdiction of this court, that we will not in vacation, award such writs, except under extraordinary circumstances, to be judged of by the member of the court to whom the application may be made. The application is refused.

*Application refused.*