[No. 1417.   Decided November 24, 1894.]

THE STATE OF WASHINGTON *on the relation of John Dooly*, *v.* THE SUPERIOR COURT OF WALLA WALLA COUNTY, ET AL.

PROHIBITION, WRIT OF—WHEN LIES TO SUPERIOR COURT—PRO-
CEEDINGS PENDING APPEAL.

A writ of prohibition will lie to prevent a superior court from set-
ting aside a sale of real estate in the administration of a decedent's
estate, when the proceedings therein have been set up in an action of
ejectment by the purchaser, as the basis of his title, and an appeal
from the judgment in the action of ejectment is pending in the
supreme court, the action being between the same parties in interest,
and the proceedings in the administration of the estate relating to
the sale having been made a part of the action pending in the
supreme court, and necessary to its proper determination.

*Original Application for Prohibition.*

*Lester S. Wilson* and *Thomas H. Brents*, for relator.

*George T. Thompson* and *James T. Jones*, for respondents.

The opinion of the court was rendered by

SCOTT, J.—This is an application for a writ of prohibi-
tion.   The facts relied upon are as follows :

The petitioner claims to be the owner of certain real
estate, which, prior to the sale thereof to him, as herein-
after alleged, belonged to the estate of one Charles Russell,
who died intestate, leaving surviving him his wife, Ann Rus-
sell, and several children, who had attained their majority.
An administrator of said estate was regularly appointed.
During the progress of the administration of the estate, the
administrator petitioned the court for an order to sell the
lands aforesaid.   This petition was made under §§ 1005 *et
seq.*, Code Proc., for the purpose of raising funds to pay off
certain· claims against the estate.   The petitioner held a
mortgage upon all of said lands, which· had been executed
to him by the deceased and the said Ann Russell, to secure

a note for certain moneys which he had loaned them some
years previously. The note had been presented by the
petitioner as a claim against the estate, and had been duly
allowed, but the mortgage had not been presented. More
than a year had expired since the giving of notice to
creditors to present their claims. The petition aforesaid
was granted by the court, and the order granting it specified
that the lands should first be offered for sale separately in
certain tracts or subdivisions, but provided in case bids
could not be obtained when so offered sufficient to pay off
the plaintiff's mortgage claim, that the lands should be
offered in one tract, excepting therefrom twenty acres,
which the widow had petitioned to have set aside as a home-
stead; and further provided that when so offered, if the
lands would not sell for enough to pay the mortgage claim,
that the whole tract should then be offered, including that
which had been claimed as a homestead. This was the first
mention or appearance of the petitioner's mortgage in the
proceedings. The lands were regularly offered for sale
according to the terms of the order, and failing to obtain
the requisite bids upon either of the prior offers, the whole
tract, including the twenty acres aforesaid, was offered, and
was bid in by the petitioner for an amount which was a few
hundred dollars in excess of his mortgage claim. The
excess was paid in money, and the petitioner was credited
upon his bid with the amount of his said claim. Due re-
turn of this sale was made by the administrator, whereupon
said Ann Russell presented a petition, alleging that she
had succeeded to the rights of all the heirs, and that the
lands in question were worth much more than the amount
realized from the sale, and that she believed that an amount
exceeding ten per cent. of the sum realized could be obtained
in case of a re-sale; and for this reason she asked that the
sale be set aside, and objected to its confirmation to the end
that another sale of said lands might be had. This petition
was denied, and the sale was duly confirmed, and a deed
was regularly executed by the administrator to the peti-
tioner, who subsequently brought an action against said

Ann Russell *et al.* to recover possession of the lands, said parties having refused to vacate the same.

In their answer to the complaint, the defendants, after denying the material matters pleaded, alleged in an affirmative defense that the lands in question had been acquired by Ann Russell and Charles Russell, deceased, but the administration of the estate was not pleaded. Upon the trial of the cause, however, in accordance with a claim made by the defendants, and against the contention of the plaintiff, the burden of proof was put upon the plaintiff to show the validity of the proceedings upon which his title rested, and he was required to put in evidence the proceedings of the court upon the administration of the estate relating to the sale of the lands. After the evidence of both parties had been introduced, the court directed the jury to bring in a verdict for the plaintiff.

The defendants moved to set aside said verdict, and for a new trial, on the ground of a want of jurisdiction in the court to order and confirm a sale of the lands as made, and because of certain irregularities appearing in said proceedings. The court granted the motion, and the plaintiff appealed therefrom. After said appeal was taken and while said cause was pending in this court and undetermined, said Ann Russell petitioned the lower court for an order vacating the sale of said premises, basing her petition upon the same grounds as those urged against plaintiff's title in the other action, and for the same purpose of defeating his title.

It appears by the return made to the order to show cause previously issued herein that the court considered that the order directing the sale of said lands, including the homestead, and the payment of the petitioner's mortgage, was inadvertently made, and that the written order entered upon the journal in this respect did not correspond with the order made orally by the court in granting the petition, which, it is claimed, exempted the twenty acres therefrom, and made no provision for the payment of the petitioner's mortgage claim. Whether this was a mistake or not, and however it may have been brought about, it appears that it was there-

after perpetuated in making the sale, of which return was duly made, in confirming the same after hearing the objections of said Ann Russell thereto on account of the inadequacy of the price obtained, in directing the issuance of a deed to the petitioner, and also, upon the trial of the cause after the whole matters pertaining thereto had been introduced in evidence, in instructing the jury to bring in a verdict for the plaintiff.

In entertaining this last petition to set aside the sale, the court considered that the effect of such proceedings was such that it might have misled the purchaser, and thereupon made an order that if said purchaser within twenty days elected to have the order of confirmation, the sale, and order of sale vacated by consent, then and thereupon said order of confirmation, etc., should be vacated and annulled as to all of said property, and in case he did not so elect then that an order should be entered declaring the true intent and effect of the order of sale to be as excepting and exempting the lands set apart to the widow as a homestead, and omitting all reference to the petitioner's mortgage therein, and that the subsequent proceedings should be similarly construed.

There seems to be some uncertainty as to when the order setting aside the twenty acres as a homestead was made. The order of sale simply recites that at that time such an order had been prayed for, while in some of the subsequent proceedings it is referred to as having been granted prior to the order of sale. But we do not regard the time when it was made as material in this controversy.

It is urged as an objection to the issuance of this writ that the same should not be granted because the petitioner could have appealed from said proposed order changing the effect of the sale, if finally made. However this might be, it is clear that the effect of such an appeal would simply have been to bring up the former proceedings, which were already in this court upon the other appeal, the validity of which it was necessary to determine in order to afford the appellant any relief. If the proceedings were invalid, the

action of the court in setting aside the verdict should be sustained, otherwise said action should be set aside. A party should not be required to make successive appeals of the same matter. Said proceedings had already been removed to this court by virtue of the appeal taken, and were pending here. The action of the lower court was such upon said subsequent proceedings that, if carried into effect as indicated, it would or might have deprived the appellant of the benefit of his appeal, whichever horn of the dilemma he chose to accept. Such being the case, although the action brought to recover the possession of the land was an independent action, it was between the same parties in interest and the proceedings in the administration of the estate relating to the sale of the premises had been made a part of it and were necessary here to its determination, and such subsequent action of the court in the premises affecting the same was, in our opinion, clearly unauthorized and should not be permitted.

In the case of *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591 (36 Pac. 443), this court held that while an appeal might lie from an action taken by the lower court, yet, upon an application for a writ of prohibition, the court would look into the record presented, and if the action threatened was apparently an unwarranted interference with a judgment rendered by this court, the writ would be granted. The principle announced in that case is applicable here as the effect of the contemplated action of the lower court would be such as to deprive this court of its efficiency in the premises. And we are of the opinion that the court should be prohibited from entering a final order setting aside said sale, and from further proceeding in said matter.

The petitioner will recover his costs herein of said Ann Russell. Writ granted.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ., concur.