THE PEOPLE *ex rel. v.* CIRCUIT COURT OF COOK COUNTY,

and

SAME *v.* SAME.

169 201
173 277

| 169 | 201 |
| 189 | [4]557 |
| 189 | [7]557 |
| 93a | [3]294 |

| 169 | 201 |
| 109a | 503 |

*Opinion filed November 1, 1897—Petition for rehearing stricken Dec. 9, 1897.*

1. WRIT OF PROHIBITION—*writ of prohibition defined.*   A writ of prohibition is an extraordinary writ issued by a superior to an inferior court to prevent the latter from exceeding its jurisdiction, either by prohibiting it from assuming jurisdiction in a matter over which it has no control, or from going beyond its legitimate powers in a matter of which it has jurisdiction.

2. SAME—*writ of prohibition operates upon the court.*   The writ of prohibition operates upon the court, and not upon the parties to the suit, and issues only in cases of extreme necessity, to restrain the exercise of judicial functions.

3. SAME—*writ does not lie where another adequate remedy exists.*   The writ of prohibition cannot be resorted to where another adequate remedy exists, or to correct mere irregularities, nor can it perform the functions of an appeal or writ of error.

4. SAME—*Supreme Court has no original jurisdiction to issue writ.*   The Supreme Court has no original jurisdiction to issue the writ of prohibition, as by section 2, article 6, of the constitution, its original jurisdiction is confined to proceedings in *mandamus, habeas corpus* and cases relating to revenue.

5. SAME—*Supreme Court may issue writ in aid of its appellate jurisdiction.*   The common law writ of prohibition not being expressly prohibited by the constitution or the statutes of the State, the Supreme Court may issue the writ in aid of or to protect its appellate jurisdiction as ancillary thereto.

6. SAME—*appellate jurisdiction must be acquired before writ can issue.*   The power of the Supreme Court to issue the writ of prohibition in aid of its appellate jurisdiction can be exercised only when such appellate jurisdiction has already been acquired in a pending cause.

7. SAME—*power of Appellate Court to issue writ.*   Although the Appellate Court cannot issue a writ of prohibition as an independent, original writ, yet it may, like the Supreme Court, issue the writ in aid of its appellate jurisdiction, in a case in which such jurisdiction has already been acquired.

8. SAME—*when Appellate Court cannot interfere by writ—separate maintenance.*   Upon appeal to the Appellate Court from an order for temporary alimony and solicitor's fees, allowed the wife by the circuit court in a suit for separate maintenance, the Appellate Court can not issue a writ of prohibition to restrain the circuit court from entering further orders allowing the wife money to defend the

appeal and temporary alimony, to apply *pro rata* upon the order appealed from.

9. REHEARING—*same party cannot have two rehearings in same cause.* Where a party is allowed a rehearing, and upon re-argument of the cause the court adheres to its former judgment, he is not entitled to a second rehearing.

*People* v. *Circuit Court of Cook County,* 59 Ill. App. 514, affirmed.

ORIGINAL petition for writ of prohibition, and also an appeal from an order of the Appellate Court for the First District dismissing a petition for a like writ.

This is an original petition for a rule against respondents to show cause why a writ of prohibition should not issue, as prayed for in the petition filed herewith in this court, against the circuit court of Cook county, and it is also an appeal from an order of the Appellate Court for the First District of Illinois denying a petition of relator for such a rule and dismissing said petition. By stipulation annexed to the Appellate Court record it is agreed that both causes may be consolidated, and the same record used in both cases.

There are filed herein: First, the record of certain proceedings in the circuit court which are the subject of complaint in the first instance; second, the record in the Appellate Court showing the petition filed there for the writ restraining the circuit court; and third, an original petition addressed to this court praying for a writ to issue from it to the circuit court direct.

In its opinion, giving its reasons for dismissing relator's petition, the Appellate Court makes the following statement of facts:

"The relator filed this petition, in which it is alleged that on a bill filed against him in the circuit court by Clara M. Earle, his wife, for a separate maintenance, the court, on the 27th day of February, 1895, entered an order that he pay to her or her solicitors $200.00 per month as alimony *pendente lite,* to begin from January 1, 1895, $500.00 as suit money and $750.00 as solicitor's fees. From that

order the relator perfected an appeal to this court (the Appellate Court) March 13, 1895. April 4, 1895, two more orders were made, one for the payment of $250.00 for solicitor's fees in defense of that appeal, and the other for payment of $40.00 alimony for the week ending April 6, 1895. April 9, 1895, the relator perfected appeals from the orders of April 4. April 9, 1895, the court entered some more orders,—one for $40.00 alimony for the week ending April 14, 1895, and two, each for the payment of $100.00 solicitor's fees for defending the appeals perfected April 9. From these three orders the petitioner perfected appeals the next day. The petition then contains averments that the judge, respondent, announced in court that he would continue each week to enter orders for alimony, and continue to order the payment of solicitor's fees for defending all appeals from orders for alimony and fees. The petition alleges that the court exceeded its jurisdiction in entering the orders of April 4 and 9."

The original petition filed in the Supreme Court asks for leave to file a petition for a writ of prohibition against respondents, the circuit court of Cook county and Oliver H. Horton, judge of the circuit court of Cook county, and for a rule on said respondents to show cause why a writ of prohibition should not issue against them, prohibiting them and each and every of the judges of said circuit court from enforcing said two orders of April 4, 1895, and said three orders of April 9, 1895, and four orders of April 16, 1895, entered by said circuit court in a chancery cause wherein Clara M. Earle is complainant and John G. Earle is defendant, which said orders of April 4 and 9 are described as above, and the first of which said orders of April 16, 1895, requires said John G. Earle to pay to complainant $40.00 a week alimony for the week ending April 21, 1895, and the remaining three of which said orders each requires him to pay $100.00 as solicitor's fees for the defense of each of his appeals from

the said three orders of April 9, 1895, and also to show cause why said circuit court and said Horton, as judge thereof, should not be prohibited from entering any further orders in said cause as to payment of alimony or solicitor's fees, during the pendency and due prosecution by said John G. Earle of the appeal taken from said order of February 27, 1895, and why said circuit court, or said judge thereof, and each and every of the judges thereof, should not be prohibited and restrained in respect to the subject matter of the said several orders above mentioned.

H. S. MECARTNEY, for the petitioner and appellant.

W. S. FORREST, M. ROSENTHAL, and M. D. COFFEEN, for respondents and appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first question arises upon the original petition filed in this court, asking for a rule upon the respondents to show cause why a writ of prohibition should not issue against them.

A writ of prohibition is an extraordinary writ, issued by a superior court to an inferior court to prevent the latter from exceeding its jurisdiction. It may be invoked to prohibit the inferior tribunal from assuming jurisdiction in a matter over which it has no control, and also from going beyond its legitimate powers in a matter of which it has jurisdiction. It is a remedy provided by the common law against the encroachment of jurisdiction by inferior courts, and for the purpose of keeping such courts within the bounds prescribed for them by law. The functions, whose exercise may be restrained by it, are judicial functions. Unlike a writ of injunction which acts upon the parties to the suit, a writ of prohibition operates upon the court, and "the judge and officers who disregard it may be punished." The writ issues only in cases of extreme necessity. It only operates upon the particular

proceeding, or suit, in the court to which it is directed. Its object is, not to remove the matter prohibited from the lower to the higher court for the purpose of procuring the decision of the latter court upon such matter, but to restrain the lower court from further prosecution of the original proceeding, when it has no jurisdiction over the subject matter in dispute.   It is never resorted to when there is another adequate remedy, nor can it be used to correct mere irregularities, or to perform the functions of an appeal or writ of error.   (*Quimbo Appo* v. *People*, 20 N. Y. 531; *Mayo, Mayor, etc.* v. *James*, 12 Gratt. 17; *James* v. *Stokes*, 77 Va. 225; *Smith* v. *Whitney*, 116 U. S. 167; High on Ex. Legal Rem. secs. 762-794; *McGoniha* v. *Guthrie*, 21 W. Va. 134; 19 Am. & Eng. Ency. of Law, pp. 263-274).

Such being the nature of the writ of prohibition, has the Supreme Court of this State the power to issue it? Section 2 of article 6 of the constitution of 1870 provides, that "the Supreme Court   *   *   *   shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus*, and appellate jurisdiction in all other cases."

The constitution is a limitation upon the powers of the legislature, but it is regarded as a grant of power to the executive and judicial departments of the government.   Hence, the executive and judiciary can only exercise such powers as are granted by the constitution. (*Field* v. *People*, 2 Scam. 79).   The constitution only specifies three cases in which this court can exercise original jurisdiction, and the issuance of writs of prohibition is not one of them.   Original jurisdiction being thus conferred upon the Supreme Court in certain specified cases, it cannot exercise original jurisdiction in cases not specified.   In all other cases than those named, its jurisdiction is appellate only.   (*Campbell* v. *Campbell*, 22 Ill. 664).

A prohibition is an original remedial writ, as old as the common law itself.   (*Thomas* v. *Mead*, 36 Mo. 232;

*McGoniha* v. *Guthrie, supra;* High on Ex. Legal Rem. sec. 762). It would seem, therefore, to be clear, that this court has no original jurisdiction to issue a writ of prohibition. There are cases in many of the States where courts of last resort are held to have original jurisdiction to issue such writs; but it will be found upon examination that, in States where such decisions have been made, the constitution of the State in express terms confers either the power to award writs of prohibition, as in Virginia and West Virginia, (*James* v. *Stokes, supra; McGoniha* v. *Guthrie, supra*), or the power to award "original remedial writs" as in Missouri, (*Thomas* v. *Mead, supra*), or the power to issue any remedial writs necessary to give the court of last resort general supervision and control over the inferior courts, as in North Carolina, (*Perry* v. *Shepherd,* 78 N. C. 83).

But it is contended by counsel for petitioner and appellant, that, even if it be true, that this court has no original jurisdiction to issue a writ of prohibition, yet such a writ may be issued by this court in aid of its appellate jurisdiction, or for the protection of its appellate jurisdiction, and as ancillary thereto in a cause which is properly before it. The constitution vests this court with appellate jurisdiction in all other cases than the three already named. A grant of power carries with it such implied powers as are necessary to the exercise of the powers expressly conferred. (*Hawes* v. *People,* 124 Ill. 560). It is a general rule, that, when a constitution gives a general power, or enjoins a duty, it also gives, by implication, every particular power necessary for the exercise of the one, or the performance of the other. (*Field* v. *People, supra*). Hence it would seem to follow that the writ of prohibition, which is a common law writ not expressly prohibited by the constitution, or any statute of the State, can be resorted to by this court in aid of, or for the protection of, its appellate jurisdiction. Indeed, section 8 of the act of March 23, 1874, in regard

to the Supreme Court provides, that that court "may issue writs of *mandamus, habeas corpus, certiorari,* error and *supersedeas, and all other writs not prohibited by law,* which may be necessary to enforce the due administration of justice in all matters within its jurisdiction." (1 Starr & Curtis' Stat. p. 697). The grant of the general power to exercise appellate jurisdiction would seem to imply the particular power to issue the writ of prohibition if it is necessary to the exercise of such jurisdiction.

The right to issue the writ may be necessary in certain cases to aid and protect the appellate jurisdiction. Counsel for petitioner presents in his argument the following illustrations: "Supposing a Supreme Court is given appellate power only in all criminal cases. A party is tried in the lower court and convicted of murder. A writ of error is sued out in the Supreme Court and made a *supersedeas,* which directs the lower court, in fact, to proceed no further under the *said judgment,* etc. But the lower court proceeds to render *another* judgment against the convicted party in the same case for the same offense, and threatens to execute it. Another writ of error is sued out and made a *supersedeas.* Each of said writs simply refers to the specific judgment mentioned, and does not direct the lower court to *enter no further judgments.* Later the lower court proceeds to enter a *third* judgment. What in such a case are the upper court's powers in the premises? There is no writ which will restrain a succession of such judgments being entered, excepting a writ of prohibition, and such an one is necessary in the case supposed for the protection of the upper court's jurisdiction—its *appellate* jurisdiction. When the first *supersedeas* was issued said cause and the whole subject matter thereof was transferred to the Supreme Court; and the writ of prohibition to keep it there was a necessary *weapon of defense.* Supposing in a chancery case pending in the circuit court an order or decree is rendered that certain property belonging to A be sold. An

appeal from that order is taken and perfected to the Appellate Court. Thereafter the circuit court proceeds to enter another order to the same effect. Is it not encroaching upon the Appellate Court's *appellate* jurisdiction? Were the latter court only to ignore the subsequent order and proceed to adjudicate upon the appeal, the property, if personal, might be sold and pass beyond the jurisdiction of this court long before the appeal is decided."

So far, however, as the petition to this court is concerned, it is sufficient to say, that there is no case pending before this court, either by appeal or writ of error, in which the exercise of its appellate jurisdiction has been invoked. There is an appeal here from the judgment of the Appellate Court refusing to grant the writ of prohibition, but the original order of the circuit court, entered on February 27, 1895, and directing the relator to pay alimony *pendente lite* of $200.00 per month, and $500.00 as suit money and $750.00 as solicitor's fees, is, so far as the records before us show, still pending on appeal for review in the Appellate Court, and has not yet been brought for review to this court. While it may be true, that the writ can be resorted to in aid of appellate jurisdiction, yet the writ could only be issued where the appellate jurisdiction had been already acquired in a pending cause; and, as such is not the case here, this fact alone is sufficient to authorize the refusal of the writ by this court upon the original petition here presented.

*Second*—The second question is, whether the Appellate Court erred in refusing to grant a writ of prohibition; and it arises upon appeal from the judgment of that court dismissing the petition filed therein, which asked for a rule to show cause why the writ should not be granted.

The constitution of this State grants no power to the Appellate Courts to issue writs of prohibition; and their jurisdiction is appellate only. (*Hawes* v. *People, supra*). But it is also true, that, under the constitution of this

State, the Appellate Courts have no power to entertain an original action by *mandamus*. Where a judge of the circuit court refused to sign a bill of exceptions in a case which had not been taken by appeal or writ of error to the Appellate Court, we held that the latter court was without power to compel him to do so by *mandamus;* but at the same time we held, that, after the case had been taken to the Appellate Court by appeal or writ of error and was there pending, that court might, by the action of *mandamus*, compel the judge of the circuit court to sign and seal the bill of exceptions upon a proper showing. After the Appellate Court had acquired jurisdiction of the suit by appeal or writ of error, the action by *mandamus* would then be in aid of its appellate jurisdiction. (*Hawes* v. *People, supra; Same* v. *Same*, 129 Ill. 123). It was also said in the *Hawes case*, that the power to issue the *mandamus* in aid of the appellate jurisdiction was an implied power under the constitution, independently of any statutory regulation, and that the existence of the power was implied from the establishment of the Appellate Court.

So in *State ex rel.* v. *Hall*, 3 Coldw. 255, the Supreme Court of Tennessee held that, under its appellate power, it had the right, when a judge of an inferior court refused to sign a bill of exceptions, to award a writ of *mandamus* to compel him to do so.

High, in his work on Extraordinary Legal Remedies, (sec. 27), says: "The granting of the writ of *mandamus* is the exercise of an original and not of an appellate jurisdiction, the writ itself being an original process. Hence, it follows that, in those States where the courts of last resort are devoid of original jurisdiction and vested with only appellate powers, such courts cannot exercise jurisdiction by *mandamus*. An exception, however, is recognized where the issuing of the writ is necessary in aid of the appellate powers of such courts, and in such cases it is not regarded as an original proceeding, but as one in-

stituted in aid of the appellate jurisdiction possessed by the courts."

There is no reason why the same rules, which prevail in proceedings to obtain a writ of *mandamus* from an appellate tribunal, should not govern the writ of prohibition. "The writ of prohibition may be employed by an appellate tribunal to prevent an unlawful invasion of its jurisdiction, and to prevent a wrongful interference with its records." (Elliott on Appellate Procedure, sec. 518). An appellate court may award a writ of prohibition, not in the exercise of original jurisdiction, but in the exercise of the authority vested in it as a court of review, and because the authority is essential to its existence or to the exercise of its functions as a court of justice. (Ibid. sec. 45).

The grant of appellate jurisdiction to a court in this State necessarily carries with it the power to protect that jurisdiction with the use of any and all writs known to the common law. An appeal perfected from a decree for the payment of money suspends proceedings under such decree. When the appeal is perfected, the jurisdiction of the circuit court has ended, and that of the Appellate Court has attached. If, however, the circuit court does not in fact suspend proceedings, and issues execution upon the decree, or renders other judgments or decrees for the payment of the same moneys, there is here an encroachment upon and interference with the jurisdiction of the court to which the appeal has been taken. In such cases, the writ of prohibition would seem to be the only adequate remedy to protect the jurisdiction of the Appellate Court.

Appellate jurisdiction is the attribute of a court created for reviewing the decisions of inferior courts. All appellate courts have such general powers as are necessary to enable them to effectually exercise the jurisdiction conferred upon them. (Elliott on Appellate Procedure, sec. 20). "The grant of appellate jurisdiction, whether

made by constitution or by statute, necessarily vests in
the tribunal designated all powers of an incidental na-
ture that are required to make the granted jurisdiction
effective." (Ibid. sec. 22.)   Hence such tribunals have a
species of jurisdiction which may be called auxiliary ju-
risdiction.   This auxiliary jurisdiction is an incident of
the power to review judgments and decrees pronounced
by courts of original jurisdiction; and is necessary to en-
able the reviewing court to maintain its independence
and administer justice. (Ibid. sec. 505).   Among the writs
employed as auxiliaries of the reviewing power of appel-
late courts is the writ of prohibition. (Ibid. sec. 506).
The general rule is, that an appeal must be pending be-
fore the auxiliary jurisdiction of the appellate tribunal
can be invoked.   (Ibid. sec. 507).

Hence, even if the constitution or statute does not
authorize a writ of prohibition to be issued, such a rem-
edy may be resorted to, where an appeal is taken from a
lower to a higher court, to restrain the judge of the lower
court from executing the judgment appealed from, or
from further proceeding with the cause after an appeal
has been taken which operates as a *supersedeas.*   (19 Am.
& Eng. Ency. of Law, p. 272; High on Ex. Legal Rem.
sec. 789).   This is upon the theory, that the appeal re-
moves the case from the jurisdiction of the lower court,
so that any action by the latter court thereafter in exe-
cution of the judgment or decree appealed from, exceeds
its jurisdiction, or is a usurpation of jurisdiction, and an
encroachment upon the jurisdiction of the higher court.
It is to be observed, however, that, in the absence of
constitutional or statutory warrant for the issuance of
the writ, the writ issues in such cases, not as an original
remedial writ, but as an ancillary writ to prevent en-
croachment of jurisdiction by inferior courts.   It is also
to be observed, that the Appellate Court act contains a
similar provision to that above quoted from the Supreme
Court act.   Section 11 of the Appellate Court act provides

as follows: "And the said Appellate Courts respectively may also issue writs of *certiorari*, error, *supersedeas* and all other writs not prohibited by law which may be necessary to enforce the due administration of justice in all matters within their jurisdiction." (1 Starr & Cur. Stat. p. 703). In Spelling on Extraordinary Relief, (sec. 1738), it is said: "Prohibition is an appropriate remedy to prevent an inferior court from proceeding in a cause after it has lost jurisdiction by an appeal being procured from its judgment." (*State* v. *Superior Court of Walla Walla County*, 10 Wash. 168; *People* v. *Spiers*, 4 Utah, 385; *Singer Manf. Co.* v. *Spratt*, 20 Fla. 122; *Ruggles* v. *Superior Court*, 103 Cal. 125).

We are, therefore, of the opinion, that, although the Appellate Court has not the power to issue the writ of prohibition as an independent original writ, yet it would have jurisdiction to issue such writ in aid of its appellate powers.

The question then arises whether, in the case at bar, the facts present such a case as will authorize the Appellate Court here to issue a writ in aid of its appellate jurisdiction.

The proceeding pending in the circuit court was a bill, filed by Clara M. Earle against her husband, John G. Earle, for separate maintenance. Upon motion for temporary alimony, suit money and solicitor's fees, an order was entered on February 27, 1895, requiring Earle to pay $200.00 per month alimony *pendente lite*, $500.00 suit money, and $750.00 solicitor's fees. From this order Earle took an appeal to the Appellate Court. While this appeal was pending, the other orders of April 4 and April 9 were entered by the circuit court. The contention of appellant is, that the appeal from the order of February 27 was an appeal from an order for alimony until decree, and carried up the whole question of alimony until that time; and that the other orders for alimony for a part of that time took out of the first appeal a part of its subject matter. Counsel say, that, when the circuit court

entered an order for the payment of alimony covering a period up to the time of final decree and an appeal therefrom was perfected to the Appellate Court, the whole subject matter of alimony until final decree was taken out of the jurisdiction of the circuit court and transferred to the Appellate Court; and that, therefore, when the circuit court attempted to execute the order appealed from, or to enter orders which encroached upon the subject matter thereof, it defied and encroached upon the jurisdiction of the Appellate Court, that is, upon its appellate jurisdiction.

The question then is: in a suit for separate maintenance, where an order for temporary alimony and for suit money and solicitor's fees is entered and appealed, from, can the lower court enter further orders, granting money to the wife to defend the appeal taken by her husband, and granting her alimony to be applied *pro tanto* upon the order for temporary alimony appealed from in case of the final affirmance of the latter order?

This will depend upon the construction of the statute. Section 15 of the Divorce act is as follows: "In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and in every suit for divorce the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the suit. And in case of appeal or writ of error by the husband, the court in which the decree or order is rendered, may grant and enforce the payment of such money for her defense, and such equitable alimony during the pendency of the appeal or writ of error, as to such court shall seem reasonable and proper." (1 Starr & Curtis' Stat. p. 890). The act in regard to separate maintenance provides, that "the court may grant alimony to enable the wife to prosecute her suit as in cases of divorce." (1 Starr & Curtis' Stat. p. 1281). This court has held that, in a bill for

separate maintenance, the circuit court has power to grant temporary alimony, and that the provisions of the Divorce act in regard to suit money and to temporary alimony, as embodied in section 15 above quoted, apply equally to suits brought for separate maintenance and to suits brought for divorce. The right to appeal from an order awarding temporary alimony has also been recognized by this court. (*Harding* v. *Harding,* 144 Ill. 588). It has been held that a decree against the husband for the payment of money for attorney's fees and expenses of defending an appeal, taken by him from an order committing him to prison for failure to pay money to his wife under a previous order for provisional alimony rendered in a suit brought by her for divorce, is in the nature of a final decree and an appeal will lie therefrom. (*Blake* v. *Blake,* 80 Ill. 523). We have also held that, under this statute, the circuit court, after an appeal is perfected from a decree of divorce in favor of a wife, has the power to make an order on motion of the wife for the allowance of solicitor's fees for attending to her case in the Supreme Court. (*Jenkins* v. *Jenkins,* 91 Ill. 167). In the latter case we held that, after the appeal was prosecuted and the cause was removed to the upper court, the circuit court would have no right to require the appellant by decree or otherwise to pay attorney's or solicitor's fees independently of the statute; but that section 15 above quoted, in plain and express terms, conferred such power upon the circuit court.

An appeal or writ of error from a final decree of divorce, or from a final decree in a separate maintenance suit, does not deprive the wife of the right in the court below to an allowance for her defense, and to such equitable alimony as shall seem reasonable and proper even during the pendency of the appeal or writ of error. But where the order entered is one for merely temporary alimony, in a suit for separate maintenance and before the final decree therein is rendered, can the wife, after the

husband has taken an appeal from such order for temporary alimony and while the appeal is pending, have another order entered by the court below for alimony during the pendency of such appeal? The statute says that, in case of appeal or writ of error by the husband, the court, in which the "decree or order" is rendered, may grant and enforce the payment of such money for defense, and such equitable alimony during the pendency of the appeal or writ of error as to such court may seem reasonable and proper. The contention of counsel for appellant is, that the decree or order here referred to means the final decree of divorce or the final order for permanent alimony, and that it does not refer to an order for temporary alimony during the pendency of the suit. The statute evidently makes a distinction between "decree" and "order." A "decree" is final and made at the hearing of the cause. An "order" is interlocutory and made on motion or petition. An "order" has been defined to be "any direction of a court other than a judgment or decree made in a cause." (Anderson's Dic. of Law, p. 738.) It would seem to be the proper construction of section 15, that the word "order" refers back to an order upon the husband to pay money to enable the wife to maintain and defend the suit, and also to an order giving the wife temporary alimony during the pendency of the suit. We have seen, that the husband has a right to appeal from both of such orders, and it would seem to be clear that the wife would have the right to call upon the court to compel her husband to furnish her the money to defend an appeal from such orders, and for her temporary support during their pendency. We are, therefore, of the opinion that, under section 15 as above quoted, the wife has a right to compel the husband to pay her money and equitable alimony even during the pendency of an appeal from an order giving her temporary alimony. It is true that, in a certain sense, the orders entered subsequent to February 27, 1895, involve the same subject matter as

the order of that date which was appealed from. It is also true that, as a general rule, a party should not be required to make successive appeals of the same matter; but where the statute expressly vests the lower court with jurisdiction over the same subject matter as to which an appeal has been taken to an upper court, the provisions of the statute would seem to control. It was so held in *Jenkins* v. *Jenkins, supra.*

In view of the construction thus given to section 15 of the Divorce act in connection with the act in regard to separate maintenance, it cannot be said that the circuit court, by entering the orders subsequent to February 27, encroached upon or interfered with the appellate jurisdiction of the Appellate Court. Although an appeal was pending from the order of February 27 in the Appellate Court, yet the statute authorized the circuit court to enter the subsequent orders which it did enter. While, therefore, it may be true that, if a proper case was presented, the Appellate Court would have the right to issue the writ of prohibition in aid or protection of its appellate jurisdiction, yet, here, such writ was properly refused by the Appellate Court, because the circuit court only exercised a jurisdiction which the statute authorized it to exercise, notwithstanding the pendency of the appeal in the Appellate Court. Upon the former hearing of this cause, we held that neither this court, nor the Appellate Court, could issue a writ of prohibition even in aid of appellate jurisdiction. That conclusion was rested upon statements in some of the text books which were based upon two decisions, to-wit: the case of *Sasseen* v. *Hammond,* 18 B. Mon. (Ky.) 672, and the case of *Memphis* v. *Halsey,* 12 Heisk. (Tenn.) 210. Upon a further and more careful examination, however, of the Kentucky and Tennessee cases, we are satisfied that the question was not there very fully or carefully considered. In neither of those cases did the facts show, that the reviewing court was called upon to issue the writ of pro-

hibition in aid of its appellate jurisdiction. We are not disposed to follow these two cases, so far as they hold that a writ of prohibition may not be issued in aid of appellate jurisdiction, where the constitution or the statute does not provide for the issuance of such writ, upon the broad ground, that every reviewing court must necessarily possess the inherent power to resort to any common law writ, not expressly forbidden by the constitution or the statute, which is necessary to aid or protect the exercise of its jurisdiction.

In the light of the views already expressed we have, however, reached the same conclusion which was announced upon the former hearing.

Accordingly, in the original proceeding in this court an order will be entered, refusing to enter the rule to show cause, and dismissing the petition.

In the case brought here by appeal from the Appellate Court the judgment of that court is affirmed.

<em>Petition dismissed, judgment affirmed.</em>

Subsequently, on December 9, 1897, upon consideration of a petition for rehearing filed in this cause in behalf of the petitioner, Mr. JUSTICE CARTWRIGHT announced orally the following additional opinion:

In this case John G. Earle filed his original petition in this court for a writ of prohibition, and also appealed from the judgment of the Appellate Court for the First District dismissing a similar petition. The petition and appeal were heard together, and the petition was dismissed and the judgment of the Appellate Court denying the relief upon the petition filed there was affirmed. Being dissatisfied with the judgment of this court, the petitioner and appellant filed his petition for a rehearing, which was entertained by the court, and on a consideration of the reasons set forth in his petition a rehearing was granted and the cause re-argued. As a result of that hearing the petition was again dismissed and the judg-

ment of the Appellate Court again affirmed. The same party not being content with the consideration which his arguments had received on the previous hearings, has filed another petition for a rehearing.

It is not permissible for the same party to have two rehearings in the same cause. This case has received the careful consideration of the court on two separate hearings, besides the attention given to it in considering the former petition for a rehearing. The petition for rehearing will be stricken from the files.

*Petition for rehearing stricken.*