## In the Matter of the Petition of Frank Staar for a Writ of Prohibition.

### Gen. No. 13,908.

1. WRIT OF PROHIBITION—*to whom runs.* A writ of prohibition does not run against a party in the trial court, nor against the judge of that court, but only against the court.

2. WRIT OF PROHIBITION—*jurisdiction of Appellate Courts to issue.* The Appellate Courts have no original jurisdiction to issue

a writ of prohibition, but may only issue such a writ in aid of its jurisdiction, and even then only in cases of extreme necessity. In order that the Appellate Courts may issue such a writ in aid of its jurisdiction, there must be before those courts something on or with regard to which their jurisdiction may be exercised.

Petition for a writ of prohibition. Denied. Opinion filed October 28, 1907.

**Statement by the Court.** The petitioner, Frank Staar, has filed a petition here, entitled in the cause of Frank Staar v. Moy Tong Hoi *et al.,* praying "that a writ of prohibition be issued out of this court to the Hon. Julian W. Mack of the Circuit Court of Cook county, and the Circuit Court of Cook county and the defendants Moy Tong Yee Koon and Moy Tong Hoi." It is averred, in substance, in the petition, as follows: May 10, 1907, petitioner commenced suit for the dissolution of partnership against the firm of Hip Lung Ying Kee & Co., which firm consists of Moy Tong Hoi, Moy Tong and Moy Chene, alias Hip Lung. April 23, 1907, petitioner recovered a judgment against Moy Chene, alias Hip Lung, for $4,671, in the Municipal Court of Chicago; an execution issued on said judgment and was levied on the interest of Moy Chene in the partnership effects of Hip Lung Ying Kee & Co., and at the sale of said interest, May 7, 1907, petitioner became the purchaser of the same. The petition then, without averring that any bill was filed, avers substantially as follows: The matter was heard before Judge Honore of the Circuit Court, who referred the matter to a master, to report on the question of the application to appoint a receiver *pendente lite.* The master filed his report, and, August 26, 1907, Judge Gibbons of said Circuit Court ordered that a receiver be appointed of the property of said copartnership, and, August 27, 1907, the court appointed a receiver and he qualified as such and took charge and possession of such property of said partnership as he found at the firm's place of business, 323 S. Clark street, Chicago. Moy Tong Yee, one of said defendants, appealed from said order appointing the receiver, and executed a bond, with surety, in the penal sum of $200, which was approved

by the clerk of said Circuit Court. Moy Tong Yee, after perfecting his appeal, served notice that he would appear before Judge Mack of the Circuit Court and move that the receiver appointed by Judge Gibbons be removed. Petitioner appeared before Judge Mack and objected to the removal of the receiver. Judge Mack is going to enter an order September 11, 1907, removing the receiver. Wherefore petitioner prays, etc.

LOUIS GREENBERG, attorney for petitioner.

MR. JUSTICE ADAMS delivered the opinion of the court.

The petition in question was filed here September 10, 1907, and there was not then on the docket in this court, nor has there been since that date, any appeal cause entitled Moy Tong Hoi *et al.* v. Frank Starr on said docket. A writ of prohibition does not run against a party in the trial court, nor against the judge of the court, but only against the court. The People v. Cook County Circuit Court, 169 Ill., 201, 204. This court has no original jurisdiction to issue a writ of prohibition, but may issue such a writ in aid of its jurisdiction, and even then only in case of extreme necessity. People v. Cook County Circuit Court, *supra.* In order that the court may issue the writ in aid of its jurisdiction, there must be before the court something on or with regard to which its jurisdiction may be exercised. The petitioner has filed with his petition a transcript of record in a suit entitled Frank Starr v. Moy Tong Hoi *et al.,* showing an order of the Circuit Court, Judge Gibbons presiding, entered August 26, 1907, appointing the American Trust and Savings Bank receiver of the rights, credits, property, etc., of the partnership of Hip Lung Kee & Co., and showing also an appeal bond executed by Moy Tong Koon, which name the petition avers was an alias of Moy Tong Hoi, with a surety, which bond is approved by the clerk of the Circuit Court. The order appointing the receiver was entered as above stated, August 26, 1907, and the statute in respect to appeals from interlocutory orders, such as the order appointing the receiver was, contains this

provision: "Provided, that such appeal is taken within thirty days from the entry of such interlocutory order or decree, and is perfected in said Appellate Court within sixty days from the entry of such order or decree." The last clause of this provision, commencing "and is perfected," etc., can only mean the filing of the transcript of the record of the cause appealed in this court, and the appellant, Moy Tong Hoi, has until October 27, 1907, to file such transcript. The appellant has not yet filed a transcript of the record, and for aught we know, may never file one, and if he does not file a transcript by October 27th next, the sole jurisdiction left to this court will be to dismiss the appeal for failure to file a transcript in apt time, on the filing of a short record and motion made to dismiss by the proper party, and the docketing the appeal here. In short, we may never have occasion to pass on the merits of the appeal. The petition will be denied.

*Denied.*