(No. 22798.—

THE PEOPLE *ex rel.* Hortense N. Swift *et al.* Petitioners, *vs.* THE SUPERIOR COURT OF COOK COUNTY *et al.* Respondents.

*Opinion filed February 21, 1935—Rehearing denied April 5, 1935.*

SAMUEL A. & LEONARD B. ETTELSON, and ALBERT H. & HENRY VEEDER, (SAMUEL A. ETTELSON, EDWARD C. HIGGINS, and CARL J. APPELL, of counsel,) for petitioners.

ASHCRAFT & ASHCRAFT, (CARROLL J. LORD, of counsel,) for respondents.

Mr. JUSTICE ORR delivered the opinion of the court:

Upon leave granted, an original petition for a writ of prohibition was filed in this court on relation of the executors of the will of Edward F. Swift, deceased, against the superior court of Cook county and Denis E. Sullivan, as judge thereof. Its avowed purpose was to enforce respect for and compliance with a judgment heretofore entered by this court in *Howard* v. *Swift*, 356 Ill. 80. Respondents were ruled to show cause, and the proceedings in the lower court were stayed pending the disposition of the petition here. The question is whether our former decision in *Howard* v. *Swift, supra,* constitutes *res judicata* as to the suit pending in the superior court.

The petition recites, in substance, that on March 13, 1934, this court entered judgment in a cause then pending

between Sam Howard, trustee in bankruptcy of the Corporation Securities Company of Chicago, appellant, and the executors of the last will of Edward F. Swift, deceased, appellees, wherein a prior judgment of the circuit court of Cook county was affirmed and the claim of Howard against the Swift estate was dismissed. This claim was for $37,308,646, and had originally been filed in the probate court of Cook county and was there also dismissed. One of the principal contentions made before us in the former appeal was that the claim in question did not arise out of tort but was "a money claim equitable in its nature, of which the probate court has jurisdiction." It is pointed out in the petition that in passing upon this question in *Howard* v. *Swift, supra,* we held that the cause of action did not state a money claim equitable in its nature, and that the cause of action was clearly one of tort wherein the tort feasor was not charged with deriving any direct or indirect financial gains by reason of his alleged misconduct. Notwithstanding this adverse decision, as the petition relates, the same Howard, as trustee, etc., thereafter, on June 28, 1934, filed against the same executors the pending complaint in chancery, based upon the same claim previously passed upon and successively dismissed in the probate, circuit and Supreme courts. To substantiate their assertion of identity of the subject matter, petitioners further allege that the bill of complaint expressly alleges that the claim sued on was the same claim previously filed in the probate court, and that the claim attached to and made a part of the bill in the suit now pending in the superior court is a copy of the precise claim adjudicated in *Howard* v. *Swift, supra.* Petitioners further aver that their motion for dismissal of the bill in chancery in the superior court, based upon the same pretended claim, was overruled on September 27, 1934, after this court had expressly held that it "was not a claim equitable in its nature;" that the superior court has assumed jurisdiction of the pretended

claim against relators, thereby subjecting them and the Swift estate to enormous and irreparable financial losses incident to the tying up of several million dollars' worth of securities held by the estate which cannot be distributed to those lawfully entitled thereto, and in the further expenditure of large sums of money in preparing for trial and defending against the pretended claim over the long period of time likely because of its complicated nature; that the pretended claim is based upon numerous stock transactions and alleged manipulations of the Corporation Securities Company by Samuel Insull and his brokers, thereby requiring extensive investigations of stock market quotations of numerous corporations and their subsidiaries over long periods of time, with extensive audits and appraisals of properties, assets and liabilities; that all of this expenditure of time and money of litigants and tax-payers would serve no useful purpose, as the pretended claim will again be dismissed and declared wholly void; that the great delay which would necessarily ensue from such litigation would hinder the settlement of the Swift estate, the distribution to legatees and devisees, and the payment to creditors holding valid claims against the estate and result in irretrievable injury and damages, inasmuch as Sam Howard, trustee, who instituted the action, is without adequate financial responsibility and has given no surety or bond to cover the losses occasioned by his suit if unsuccessful, and that the petitioners have no other adequate remedy to safeguard their rights and the interests of those whom they represent, except by the issuance of a writ of prohibition. As to the merits of the controversy, the relators further charge that the complaint in chancery relates chiefly to manipulations of the Corporation Securities Company by certain brokers which brought about its insolvency before Edward F. Swift became a director thereof on June 11, 1930; that from the allegations of the bill of complaint it affirmatively appears that prior to Swift's election as a director the company.was

in such appalling condition that only "heroic" measures could stave off impending ruin, and that the bill does not allege that the directors, or any of them, were enriched by or gained any personal benefit from any of the acts alleged to have been done while Swift was a director.

Exhaustive briefs have been filed by both parties. In behalf of the respondents it is chiefly urged that the issues raised and adjudicated in *Howard* v. *Swift, supra,* were not the same as those presented by the bill in chancery in the superior court; that nothing contained in our opinion in the former case can be interpreted to mean that a bill in chancery cannot be prosecuted in a court of equity; that even if the language used in our opinion were susceptible of such interpretation, it would constitute a mere *obiter dictum*—not a judgment—because the question whether a suit in equity could be prosecuted on the claim was not then before this court. They argue that the only issue then presented was whether the claim could be adjudicated in the probate court.

The writ of prohibition is a highly prerogative writ, to be issued only on rare occasions with caution and forbearance and in cases of great necessity where no other adequate relief can be secured. It is conceded that this court has no original jurisdiction to issue writs of prohibition and that it can only issue them in aid of its appellate jurisdiction; (*People* v. *Circuit Court of Cook County,* 169 Ill. 201, and 173 id. 272;) but when an inferior court ignores or attempts to nullify a judgment of this court and no other adequate remedy is at hand, jurisdiction to issue writs of prohibition to compel respect for and obedience to our former judgments is, and should be, unquestioned, if respect for the law under our present judicial system is to prevail. In the recent case of *People* v. *Circuit Court of Washington County,* 347 Ill. 34, the rule was succinctly stated (p. 43): "It may be said that the rule is well settled in this State that while a writ of prohibition

may not be used simply to prevent or correct errors of an inferior court, yet a superior court may, in aid of its appellate jurisdiction, issue such writ against an inferior court in a case in which this court has exercised its appellate jurisdiction and entered judgment, the purpose of the writ being to prevent an attempt on the part of such inferior court to set aside and nullify the judgment of the superior court once entered. This rule is a complete answer to the argument of respondent that the court, having entered judgment in the case of *Jenkins* v. *Talbot,* 338 Ill. 441, at a prior term, had lost jurisdiction of the subject matter given to it by appeal and therefore has no appellate jurisdiction to protect. This rule is likewise established in other States."

At the outset it becomes important to know what issues were decided by this court in *Howard* v. *Swift, supra.* The pertinent part of our opinion there was as follows (p. 85) : "The liability sought to be imposed upon the decedent's estate is founded upon the alleged fraudulent and unlawful acts of the deceased while in his lifetime acting as an officer and director of the Securities Company. We cannot agree with the contention of the claimant that the cause of action stated is a money claim equitable in its nature. The cause of action stated is clearly one of tort. Generally speaking, torts may be divided into two classes: (1) Where the tort feasor is enriched by his wrongful act; (2) where the tort feasor derives no financial gain from his wrongful act. It is not averred in the claim that the decedent by his alleged tortious acts either directly or indirectly derived any pecuniary benefits by reason of the misconduct charged against him. In the first class of torts it has been generally held that the injured party may waive the tort and sue for money had and received, or for an accounting on an implied or constructive contract, upon the principle that the tort feasor is bound to restore to the injured party the gain acquired by him by reason of his improper and

wrongful acts. (*Arnold* v. *Dodson,* 272 Ill. 377; *Donovan* v. *Purtell,* 216 id. 629; *Toledo, Wabash and Western Railway Co.* v. *Chew,* 67 id. 378; *People* v. *Small,* 319 id. 437.) Such, however, is not the rule when there has been no enrichment of the tort feasor emanating from the tort committed by him. In the last named situation the action must be in tort."

It will be observed from the foregoing that we passed squarely upon the nature of the claim, specifically declaring that it was not a "money claim equitable in its nature" but that the "cause of action stated is clearly one of tort." This conclusion was not reached by one step but proceeded logically from an analysis of the averments in the claim itself, founded, as it was, upon alleged unlawful and fraudulent acts of the deceased while acting as an officer and director. Whether it was a claim for money equitable in nature depended entirely upon the statements in the claim, and it was therefore essential that we determine and state its true character. We pointed out that since the claim was not based upon the tort feasor's enrichment by his alleged wrongful acts, the injured party had no right to sue for money had and received or for an accounting, but his action was limited to one in tort. These conclusions were not mere *obiter dicta,* but were as much a part of our judgment in that case as if they had been summarized and expressed in the last line of the opinion.

It is said that no writ of prohibition should issue here, as a review of the decision of the superior court on the merits would in due course afford an adequate remedy to petitioners. This same argument was advanced, with adverse results, under somewhat similar circumstances in *People* v. *Circuit Court of Washington County, supra,* where we held: "It may be said that this is generally the rule where an adequate remedy is provided by law for a review of the proceedings in the inferior court. This is not, however, necessarily true in cases where a writ is sought in

aid of the superior court's appellate jurisdiction, since the writ in such case is based on the want of power of the inferior court to invade or obstruct the judgment of the superior court or its consideration of the appeal, as the case may be. Again, it may be, as petitioner contends here, that an appeal would be wholly inadequate, and that before the matter could be reviewed on appeal the judgment of this court in the cause would be entirely abrogated and petitioner itself destroyed. * * * In such a state of facts as here alleged and admitted by the demurrer, a review, by appeal, of the order of the circuit court of Washington county would be a mere mockery. Such a remedy would be in nowise adequate." So in this case, an appeal from a trial on the merits in the superior court would not give adequate relief. It could come only at the end of a prolonged, expensive and fruitless hearing wherein recovery of money was being sought in equity on a claim which we have already said could afford no equitable money relief to the claimants.

Since the claim is not equitable in its nature it necessarily follows that a court of equity has no jurisdiction over it, unless, perchance, the claim could be said to be merely incidental to some other and distinctly equitable cause of action. Nothing of this sort is either suggested by counsel or apparent from the record. The cases cited by respondents to sustain jurisdiction of a court of equity over the claim are either (1) cases where other grounds of equitable jurisdiction are present; (2) cases from States where directors are regarded as trustees of an express trust, a doctrine distinctly repudiated in this State; (*Becker* v. *Billings*, 304 Ill. 190; *Gottlieb* v. *Miller*, 154 id. 44;) or (3) cases in which the defendants waived any objections to the jurisdiction of a court of equity and where the question of jurisdiction was therefore not discussed or passed upon. The fact that such a suit may be entertained by a court of equity where other clear grounds of equitable re-

lief exist, or where the defendants submit themselves to the jurisdiction of a court of equity without objection, does not necessarily give such a court jurisdiction where such conditions are not present. *Law* v. *Ware,* 238 Ill. 360.

In the case of *Howard* v. *Swift, supra,* it was held that the probate court had no jurisdiction over the claim in question because of its nature and contents. The statute requiring claims to be "exhibited to the court" within one year from the grant of letters testamentary or be "forever barred" as to inventoried assets necessarily means that valid claims, capable of allowance in whole or in part, must be "exhibited to a court of competent jurisdiction" within such time. The petition for prohibition in this case alleges, and the motion to dismiss admits, that Swift's executors filed an inventory "in accordance with the provisions of the statute;" and this court has repeatedly held that after the time for filing claims has expired, the law will presume, in the absence of allegation and proof to the contrary, that all the assets of the estate have been inventoried as required by law. (*Beebe* v. *Kirkpatrick,* 321 Ill. 612.) The complaint in chancery was filed in the superior court long after the time for exhibiting claims against the estate had expired. As properly argued by petitioners, the bill of complaint does not allege that there are any uninventoried assets but seeks relief against the estate of Edward F. Swift generally—that is to say, against the inventoried assets thereof. As to these the claim is now, by the terms of the statute, "forever barred." (Smith's Stat. 1933, chap. 3, sec. 70.) This presents an additional reason why no recovery is possible under the complaint in chancery filed in the superior court.

The claim attached to and made a part of the bill of complaint filed in the superior court is identical in every particular with the claim before us in *Howard* v. *Swift, supra.* The allegations of liability in the bill are in all respects substantially, and in many respects precisely, the

same as those set up in the former litigation. No new averments are contained which would warrant us in applying any different rules of construction. No charge is made that the deceased obtained any profit out of his brief tenure as a director, such as would take the claim out of its former category. The allowance of such a hearing to proceed to trial would, under all the circumstances, heap further expense and delay upon the litigants and courts without possible benefit to anyone and thus amount to a perversion of justice. We therefore hold that our former decision in *Howard* v. *Swift, supra* is *res judicata* in this case, and that the pending bill in equity in the superior court of Cook county will not lie as to the Swift estate, as that court, for the reasons stated, lacks jurisdiction to consider or determine the issues presented to it.

The writ of prohibition is therefore awarded as prayed.

*Writ awarded.*