(No. 16797.—Reversed and remanded.)
Martha M. Smith *et al.* Appellants, *vs.* Ethan A. Dugger, Appellee.

*Opinion filed October 28, 1925.*

1. Appeals and errors—*trial court must enter decree in accordance with directions of mandate.* Where a decree is reversed and the cause is remanded with specific directions as to the action to be taken by the trial court it is the duty of that court to follow those directions, and a decree entered in accordance with such directions cannot be erroneous, however erroneous the directions may be.

2. Same—*what question is presented on second appeal after remandment with directions.* Where a decree has been reversed and the cause remanded with specific directions for the entry of a decree, on an appeal from the decree so entered the only question presented is whether the decree is in accordance with the mandate and directions of the Supreme Court.

3. Same—*the Supreme Court may enter final judgment or direct trial court to enter such judgment or decree.* The Supreme Court may in any case, either at law or in equity, enter final judgment as provided by section 110 of the Practice act, or in case of a reversal may remand the cause to the inferior court with directions to enter a particular judgment or decree, in which case the judgment or decree is a judgment of the Supreme Court promulgated through the trial court and is final and conclusive upon all the parties.

4. Specific performance—*trial court should not grant leave to answer after remandment of cause with directions to enter decree.* Where a bill filed by vendors for specific performance is dismissed and on appeal the Supreme Court reverses the decree and remands the cause with specific directions to grant the relief prayed, finding the vendors' title to be good, the trial court, upon re-instatement of the cause, should not permit the filing of an answer setting up the existence of judgments against some of the vendors, the filing of a bill to foreclose a mortgage prior to the first decree, and a suit to partition among the vendors during the pendency of the appeal.

Appeal from the Circuit Court of Macoupin county; the Hon. Frank W. Burton, Judge, presiding.

Jesse Peebles, and Harry DeFrates, (Don M. Peebles, of counsel,) for appellants.

MURPHY & HEMPHILL, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The decree from which this appeal is taken must be reversed for the failure of the circuit court to follow the directions of the opinion and mandate of this court upon the reversal of an earlier decree on a former appeal, which is reported in 310 Ill. 624.

A bill was filed by the vendors for the specific performance of a contract for the sale of land. The defense was that the vendors did not have a title in fee simple to a part of the land and were therefore unable to convey the title required by the contract. The cause was heard in the circuit court of Macoupin county and a decree was entered dismissing the bill for want of equity. Upon appeal this decree was reversed and the cause was remanded, with directions to grant the relief prayed in the bill. Upon reinstatement of the cause in the circuit court, that court, instead of following the mandate, permitted a supplemental answer to be filed, to which the complainants filed a replication. The court sustained a general demurrer to the replication and again entered a decree dismissing the bill for want of equity, and the complainants have again appealed.

Where a decree is reversed and the cause is remanded with specific directions as to the action to be taken by the trial court it is the duty of that court to follow those directions, and a decree entered in accordance with such directions cannot be erroneous, however erroneous the directions may be. (*Boggs* v. *Willard,* 70 Ill. 315; *Windett* v. *Ruggles,* 151 id. 184; *Roby* v. *Calumet and Chicago Canal and Dock Co.* 154 id. 190; *Blackaby* v. *Blackaby,* 189 id. 342; *Noble* v. *Tipton,* 222 id. 639; *Manternach* v. *Studt,* 240 id. 464; *Trustees of Schools* v. *Hoyt, ante,* p. 60.) Where a decree has been reversed and the cause remanded with specific directions for the entry of a decree, on an appeal from

the decree so entered the only question presented is, Was the decree in accordance with the mandate and directions of this court? (*Chicago Railway Equipment Co.* v. *National Hollow Brake-Beam Co.* 239 Ill. 111; *People* v. *Day, 279* id. 148.) A decree entered by a trial court in accordance with the mandate of this court must be regarded as free from error. It is, in fact, the judgment of this court promulgated through the trial court and is final and conclusive upon all the parties. (*People* v. *Gilmer,* 5 Gilm. 242.) This court may in any case, either at law or in equity, enter final judgment as provided by section 110 of the Practice act, or in case of a reversal may remand the cause to the inferior court, and in the latter case may direct the entry of a particular judgment or decree, and the trial court is then bound by the decision and must conform its action to the opinion and mandate of this court. (*Prentice* v. *Crane,* 240 Ill. 250.) In this case the judgment of this court was on the merits, finding the vendors' title to be good and free from doubt and directing the entry of a decree granting the relief prayed for. This was the end of that case. There was nothing which the circuit court was authorized to do but enter the decree. It could not grant leave to answer, for after final decree there was nothing to answer. The answer which the court permitted to be filed alleged the existence of various judgments against one of the vendors which were liens on the land prior to the first decree, a bill to foreclose a mortgage filed in the circuit court prior to the first decree, and a bill for partition among the vendors filed after the first decree, during the pendency of the appeal to the Supreme Court. None of these matters was called to the attention of the circuit court or this court. It was too late for the defendant to avail himself of them after a final judgment in this court.

The decree will be reversed and the cause remanded with the same directions as on the former appeal,—to grant the relief prayed in the bill.

*Reversed and remanded, with directions.*