(No 20570.

THE PEOPLE *ex rel.* Modern Woodmen of America, Relator, *vs.* THE CIRCUIT COURT OF WASHINGTON COUNTY, Respondent.

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

Orr and Jones, JJ., dissenting.

George G. Perrin, Nelson C. Pratt, and Sonnenschein, Berkson, Lautmann & Levinson, (Herbert M. Lautmann, Henry S. Moser, and I. E. Ferguson, of counsel,) for relator.

Hoopes & Pefferle, Perry H. Hiles, J. Paul Carter, Charles F. Dew, Robert W. Johnson, and Frank C. Smith, for respondent.

Mr. Chief Justice Stone delivered the opinion of the court:

This cause is here on an original petition filed in this court praying that a writ of prohibition issue against the circuit court of Washington county, respondent herein. The petition was filed on the relation of the Modern Woodmen of America, a corporation, and alleges that there was filed in the circuit court of Washington county a bill of complaint in which H. J. Schmidt, William Lutz, J. W. McKis-

sick and A. E. Rouland, members of the Modern Woodmen of America, are named parties complainant, suing on behalf of themselves and all others similarly situated, seeking to restrain the petitioner here from enforcing certain changes in the by-laws of the society and from enforcing increased rates of insurance authorized by such amended by-laws. The petition avers that petitioner is the same society named as one of the parties defendant in the case entitled *Jenkins* v. *Talbot*, 338 Ill. 441, decided by this court on February 21, 1930; that said case was instituted in the circuit court of Cook county shortly after the changes in the by-laws of petitioner, by Edward W. Jenkins and others, members of the society, on behalf of themselves and all other members of the society, and that other members of the society filed intervening petitions in that suit adopting the averments of the bill of complaint and adding further averments thereto. It is set out in the petition here that the object of the bill of complaint and intervening petitions was to restrain the petitioner from putting into effect the repeal of section 100 of the by-laws and the amendment to section 42 of such by-laws, and to obtain a decree declaring said actions of the Head Camp of the society taken in June, 1929, to be null and void; that a decree was entered denying the prayer of the bill of complaint and intervening petitions and dismissing them for want of equity, and that the decree of the circuit court was in all respects approved and affirmed by this court and said decree remains in full force and effect. The petition also alleges that the bill filed in the respondent court seeks the same relief sought in the case of *Jenkins* v. *Talbot*. The petition also avers that an application for an interlocutory injunction was made before Hon. Silas Cook, judge of the city court of East St. Louis, sitting as one of the judges of the Washington county circuit court; that petitioner filed its sworn answer to the bill for injunction, setting up the proceedings in *Jenkins* v. *Talbot*, quoting at length from

the bill filed in that case and presenting a copy of the decree entered by the circuit court of Cook county and affirmed by this court, but that, notwithstanding this, the circuit court of Washington county entered a temporary injunction restraining the petitioner and its officers and agents from assessing or collecting any assessment under section 42 of the by-laws as amended in June, 1929, and from terminating the membership of complainants and others similarly situated for failure to pay the increased rates provided by section 42 as amended, or from enforcing any of the by-laws until final hearing of the cause and further order of the court. The petition further shows that after the bill of complaint was filed in the circuit court of Washington county petitioner filed a motion for leave to file a petition for writ of prohibition to restrain that court from proceeding in the case and that this court denied that motion, and that after the denial thereof the circuit court of Washington county proceeded to hear the application for the temporary injunction referred to and granted the same. The petition alleges that the bill of complaint filed in the circuit court of Washington county does not state a new or different cause of action but is the same cause of action heard and determined in the case of *Jenkins* v. *Talbot,* and that the entry of the temporary injunction of the circuit court of Washington county is an attempt to override and annul the judgment of this court in the *Jenkins case* and to abrogate the force and effect of that judgment, and that thereby the circuit court of Washington county has exceeded and abused, and is exceeding and abusing, its jurisdiction and interferes with the appellate jurisdiction of this court, and that its purported action tends to bring into disrepute the judicial system and the administration of justice in this State. The petition also alleges that the entry of said injunction order has already worked great and irreparable harm to the business and welfare of the petitioner, and that each day of the continuance of the injunctional order

means tremendous loss to the petitioner for which it cannot be compensated; that the vast insurance business of the petitioner, in which millions of beneficiaries are vitally interested, is thrown into confusion and chaos and threatened with destruction and the obligations of the nine hundred thousand insurance contracts between petitioner and its members are impaired, and that petitioner would have for this reason no adequate remedy by a review of the action of the circuit court of Washington county save by a writ of prohibition issued against that court. The petition prays that a rule on said circuit court of Washington county be entered to show cause why a writ of prohibition should not issue against that court to prohibit all and each of the judges of that court, and said Hon. Silas Cook, or any other judge who may hereafter sit as one of the judges of that court, from assuming and exercising jurisdiction in the cause now pending therein.

There are attached to the petition, as exhibits, copies of the bill filed in the circuit court of Washington county and the amendments thereto, the sworn answer of the petitioner thereto, the decree entered in the case of *Jenkins* v. *Talbot,* and the order for temporary injunction entered by the circuit court of Washington county. A rule to show cause and a stay of proceedings pending the disposition of this petition were entered. Respondent has demurred to the petition. Briefs of the parties and an abstract have been filed.

The grounds on which the demurrer of respondent is based are, first, that this court has no original jurisdiction to grant the writ as prayed in the petition and that the petition attempts to invoke the original jurisdiction of this court; second, that this court has no jurisdiction to grant the writ prayed for in aid of its appellate jurisdiction; third, that the right to this writ has been previously adjudicated by this court against the petitioner; fourth, that the petition shows on its face that allowance of its prayer

would violate constitutional rights of respondent and complainants in the bill filed in the circuit court of Washington county; and fifth, that the petition is insufficient.

The writ of prohibition is of ancient origin. In Beame's Translation of Glanville, pages 56, 96, 97 and 98, a number of forms of such writs as then in use are set out. Glanville's treatise was written about 1181 and is the earliest known work on the English law. Originally, in England jurisdiction to issue writs of prohibition was exercised by the Court of King's Bench, though it was later exercised by courts of chancery and common pleas or exchequer. (3 Blackstone's Com. 111.) In its original form it was used to prevent encroachments by the ecclesiastical upon the civil courts. It has always been defined as an extraordinary judicial writ issued out of the court of superior jurisdiction and directed to an inferior court for the purpose of preventing the inferior court from usurping a jurisdiction with which it is not legally vested and to keep such court within the limits and bounds prescribed for it by law. *The Mayor* v. *Cox*, 2 L. R. Eng. & Ir. App. (1867) 239; *People* v. *Works*, 7 Wend. 486; High on Ex. Legal Remedies, (3d ed.) sec. 762.

A writ of prohibition is a common law remedy, and, like other common law remedies, it is generally recognized as existing in this country unless abolished by positive statutory enactment. The writ is here exercised by an appellate or superior court to restrain an inferior court from acting without authority of law when damage and injustice are likely to follow from such action. It is a prerogative writ, and, like all other writs of that character, it is to be used with caution, and only to secure order and regularity in judicial proceedings when none of the ordinary remedies provided by law are applicable or adequate. It may be invoked to prohibit the inferior tribunal from assuming jurisdiction in a matter over which it has no control and

also from going beyond its legitimate powers in a matter over which it has jurisdiction. Its object is not to remove the subject matter of the proceedings from the lower to the higher court for purpose of a decision on the merits of the controversy, but to restrain the lower court from further action in such proceeding. It is never resorted to when there is another adequate remedy or to correct mere irregularities nor is it to be used to perform the functions of an appeal or writ of error. (*People* v. *Circuit Court,* 169 Ill. 201.) The power of this court to issue writs of prohibition was considered in the case just cited. It was there held that as the constitution conferred original jurisdiction on this court in certain specified cases it cannot exercise original jurisdiction in cases not so specified and that this court has no original jurisdiction to issue a writ of prohibition. Attention is there called to the difference between the constitutional provisions of other States where original jurisdiction to issue such writs is recognized, and the provisions of our own constitution. It was held, however, in *People* v. *Circuit Court, supra,* that such a writ may be issued by this court in aid of its appellate jurisdiction, and as ancillary thereto, in a cause properly before it. Attention is there called to the act of 1874 relating to courts, section 7 of which is as follows: "The Supreme Court shall be vested with all power and authority necessary to carry into complete execution all its judgments, decrees and determinations in all matters within its jurisdiction, according to the rules and principles of the common law and of the laws of this State." And section 8 reads: "It may issue writs of *mandamus, habeas corpus, certiorari,* error and *supersedeas,* and all other writs, not prohibited by law, which may be necessary to enforce the due administration of justice in all matters within its jurisdiction." (Cahill's Stat. 1931, chap. 37, p. 911.) It was also held in *People* v. *Circuit Court, supra,* that the grant of general power to exercise appellate jurisdiction implied the particu-

lar power to use the writ of prohibition if necessary to the exercise of such jurisdiction. It was, however, held in that case, that as the proceeding there involved had not been before this court it was not a proper case for the exercise of that jurisdiction.

In *People* v. *Superior Court,* 234 Ill. 186, a petition was filed in this court for writ of *certiorari,* in which it was averred that the superior court of Cook county was about to take jurisdiction of a petition for *habeas corpus* in a case entitled People *vs.* Lipsey. Lipsey had been convicted in the criminal court of Cook county of the crime of receiving stolen property and adjudged to be confined in the penitentiary, which judgment was affirmed by this court. The petition alleged that the superior court of Cook county was without jurisdiction of the subject matter of the petition for a writ of *habeas corpus.* It was argued in defense against the petition that this court did not have original jurisdiction to issue writs of *certiorari* but could only issue such writs in aid of its appellate jurisdiction, and that as the judgment of the criminal court had been affirmed and a mandate had issued from this court, the cause was no longer in this court and it had no jurisdiction to issue the writ applied for. *People* v. *Circuit Court, supra,* was there considered, and it was pointed out that in that case it was determined that the court was without power to order the issuance of a writ of prohibition in aid of its appellate jurisdiction in a cause which had not been before this court, and that the writ could only issue where appellate jurisdiction had been already acquired by this court of the subject matter of the pending suit.

In *People* v. *Superior Court, supra,* the common source of jurisdiction to issue writs of prohibition and writs of *certiorari* was discussed and recognized and the distinction between that case and the case of *People* v. *Circuit Court* was pointed out and declared to be, that in the latter case the appellate jurisdiction of the court had never been in-

volved, while in the matter under consideration, which was the criminal proceedings against Lipsey, the appellate jurisdiction of this court was involved. It was there said: "It seems illogical to say a writ of *certiorari* issued to preserve the status while the cause was here pending was issued for the purpose for which we might lawfully direct the issuance thereof as our power in the premises is above defined, but that a writ issued to prevent an interference with the execution of the judgment which we, in the exercise of our appellate jurisdiction, had directed should be carried into effect was not issued for the purpose for which we might so lawfully direct its issuance; that while the case is pending, and so long as the result is uncertain, this court may by *certiorari* prevent any disposition being made of the body of the prisoner that would render any judgment thereafter rendered nugatory, but that when this court has directed that the judgment itself shall be carried into effect the court is powerless to prevent any unauthorized and illegal interference therewith by an inferior tribunal. In our judgment, when we directed the criminal court to carry into effect the original sentence, that court, and the agencies made use of by it in complying with our direction, became our agencies, and any unauthorized interference with them, or either of them, while executing that sentence, was an illegal infringement of our appellate jurisdiction. Under such circumstances a writ of *certiorari* may properly issue from this court in aid of and to protect the appellate jurisdiction of this court and to prevent an unlawful interference with the execution of the sentence which this court has directed the criminal court to carry into effect."

The right of this court or the Appellate Courts to issue writs of *certiorari* in aid of their appellate jurisdiction was recognized in *People* v. *Pam,* 276 Ill. 181, and *Courter* v. *Simpson Construction Co.* 264 id. 488.

As stated, the general rule is that a writ of prohibition may be issued by a superior court to an inferior court to

prevent the latter from assuming jurisdiction not vested in it, or exceeding jurisdiction which it has by going beyond its legitimate powers ·in a matter within its jurisdiction. Jurisdiction of a court in a particular case is not alone the power of the court to hear the cause but it likewise involves the power to render the particular judgment entered, and every act of the court beyond that power is void. *Armstrong* v. *Obucino,* 300 Ill. 140; *People* v. *Siman,* 284 id. 28; *Chicago Title and Trust Co.* v. *Brown,* 183 id. 42; *People* v. *Superior Court, supra; Ex parte Reed,* 100 U. S. 13.

It may be said that the rule is well settled in this State that while a writ of prohibition may not be used simply to prevent or correct errors of an inferior court, yet a superior court may, in aid of its appellate jurisdiction, issue such writ against an inferior court in a case in which this court has exercised its appellate jurisdiction and entered judgment, the purpose of the writ being to prevent an attempt on the part of such inferior court to set aside and nullify the judgment of the superior court once entered. This rule is a complete answer to the argument of respondent that the court, having entered judgment in the case of *Jenkins* v. *Talbot, supra,* at a prior term, had lost jurisdiction of the subject matter given to it by appeal and therefore has no appellate jurisdiction to protect. This rule is likewise established in other States. In *City of Palestine* v. *City of Houston,* 262 S. W. (Tex.) 215, a writ of prohibition was issued out of the Court of Civil Appeals, directed to the district court of Harris county of that State, restraining such inferior court from issuing a temporary injunction. It appears that the controversy arose over the removal of the offices and shops of the Great Northern railway from the city of Palestine. A decree prohibiting such removal was entered by the district court of Cherokee county and later affirmed by the Court of Civil Appeals. The city of Houston thereafter filed a proceeding in the

district court of Harris county to enjoin the railway company from maintaining its offices and shops at any other place than the city of Houston. The defendants in that proceeding filed an answer setting up former adjudication of the question, and the city of Palestine applied to the Court of Civil Appeals for a writ of prohibition. It was held that the proceeding in the Harris county district court had the effect to obstruct and interfere with the due enforcement of the judgment theretofore entered by the Court of Civil Appeals affirming the decree of the district court of Cherokee county and invaded the jurisdiction of that appellate court, and the writ was awarded. In *State* v. *White,* 40 Fla. 297, 24 So. 160, the writ of prohibition was held to be a proper remedy to prevent an invasion of the judgment of the court by an inferior court.

Respondent argues that as the petitioner had a right to appeal from the order of the Washington county circuit court awarding a temporary injunction this court was without jurisdiction to enter a writ of prohibition, for under the established rule such writ could not be issued in cases where a review of the decision of the inferior court might be had. It may be said that this is generally the rule where an adequate remedy is provided by law for a review of the proceedings in the inferior court. This is not, however, necessarily true in cases where a writ is sought in aid of the superior court's appellate jurisdiction, since the writ in such case is based on the want of power of the inferior court to invade or obstruct the judgment of the superior court or its consideration of the appeal, as the case may be. Again, it may be, as petitioner contends here, that an appeal would be wholly inadequate, and that before the matter could be reviewed on appeal the judgment of this court in the cause would be entirely abrogated and petitioner itself destroyed. *Curtis* v. *Cornish,* 84 Atl. (Me.) 799; *Atchison* v. *Love,* 119 Pac. (Okla.) 207; *Jacobsen* v. *Superior Court,* 219 Pac. (Cal.) 986.

In this case the demurrer of respondent admits all averments of the petition well pleaded. Among those are the allegations that since the entry of the judgment of this court in *Jenkins* v. *Talbot, supra,* and on the basis of that judgment, petitioner has entered into hundreds of thousands of new insurance contracts with its members; has set aside reserves amounting to millions of dollars, as provided by section 42 of the by-laws as amended; has issued over four hundred thousand new memberships to those members who joined prior to July 1, 1919, or permitted them to take cash withdrawal benefits; has issued to members who joined prior to July 1, 1919, exchanged insurance in excess of $620,000,000 and increased insurance in excess of $32,500,000; has issued double indemnity in excess of $138,000,000; has issued limited accident insurance in excess of $6,250,000, and has disbursed all of the assets in the benefit fund in accordance with amended section 42, which fund on July 1, 1929, amounted to $39,000,000. The facts set up in the petition of petitioner and admitted by the demurrer show that by the issuance of a temporary injunction petitioner lost thousands of members through loss of confidence in the solvency of the society; that its affairs were thrown into confusion and chaos, and that an interruption for even a brief period of time in the collection of the adequate assessment rates by the society would result in the destruction of its actuarial solvency and therefore the destruction of the society. In such a state of facts as here alleged and admitted by the demurrer, a review, by appeal, of the order of the circuit court of Washington county would be a mere mockery. Such a remedy would be in nowise adequate.

Counsel for respondent also argue that while this court may issue a writ of prohibition in aid of its appellate jurisdiction in a case where there is an affirmative judgment entered by this court, yet here, where the only judgment was that affirming the circuit court of Cook county dismiss-

ing the bill of complaint in the *Jenkins case,* there is nothing for this court to protect and the rule with reference to protection of the judgment of the court does not apply. The judgment of this court which the temporary injunction of the respondent court was designed to affect was that section 42 of the by-laws as amended was a valid and legal by-law, and that judgment therefore necessarily fixed the right of the petitioner society to collect the assessment provided for by that by-law, and the temporary injunction could have no other effect than to obstruct that judgment.

Counsel also argue that the bill for injunction filed in the Washington county circuit court was on a different ground from that urged in *Jenkins* v. *Talbot,* and that therefore it was not an interference with the judgment of this court in that case; that the ground of attack in the bill filed in the Washington county circuit court was fraud, while such was not an issue in *Jenkins* v. *Talbot, supra.* It appears, however, from the petition and by the answer filed in the Washington county circuit court, and as well by respondent's demurrer, that fraud was alleged as a ground for relief in the *Jenkins case* and was on the motion of complainants in that case dismissed out of the bill. It is clear, therefore, that the charge of fraud was made by complainants in the *Jenkins case,* a part of whom are complainants in the case filed in the Washington county circuit court, and that such charge was later abandoned by them. The question of fraud was not left open as a ground of later attack against the by-laws of petitioner but was necessarily disposed of in the *Jenkins case.* The rule concerning *res judicata* embraces not only what was actually determined in the former case between the same parties or their privies, but it extends to any other matter properly involved which might have been raised and determined and to all grounds of recovery or defense which might have been presented. (*Phelps* v. *City of Chicago,* 331 Ill. 80; *People* v. *Harrison,* 253 id. 625; *Godschalck* v. *Weber,*

247 id. 269.) A litigant may not split his cause of action and try it piecemeal. The law does not permit one to seek a decree on one ground, and, failing, seek the same decree on another ground originally open to him. It requires him "to present the entire wealth of his case at once." (*Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122.) The issues sought to be litigated in the case filed in the Washington county circuit court were open to complainants in the *Jenkins case.* They are again raised for the sole purpose of securing the same relief which complainants failed to secure in the *Jenkins case.* It is obvious that such relief cannot be granted without setting at naught the judgment of this court.

Counsel for respondent also argue that *Jenkins* v. *Talbot, supra,* having been appealed to the Supreme Court of the United States, this court thereby lost jurisdiction of the judgment entered by it pending such appeal, and therefore has no jurisdiction to award a writ of prohibition. As the Supreme Court of the United States has, since this case was taken under advisement, dismissed the appeal in the *Jenkins case,* no further attention need be given to this argument.

It is also argued that this court has passed upon the right of the petitioner to a writ of prohibition in this case by denying a previous application therefor. The facts on which this position is grounded are as follows: Subsequent to the filing of the bill under consideration in the Washington county circuit court, and prior to any action thereon by that court, an application was made to this court for the issuance of a writ of prohibition. It not then appearing that the Washington county circuit court would take any action in the premises affecting the judgment heretofore entered by this court, that application was deemed to be without sufficient showing and was therefore denied. This application, however, comes after the Washington county

circuit court has entered a temporary injunction attempting, in effect, to set aside the judgment of this court in the *Jenkins case,* and the present application was therefore permitted to be filed and a stay order was entered. The argument of counsel for respondent is therefore without force.

It is also argued that, this being a proceeding at law, the petition is insufficient, in that it includes by reference, only, the copies of the proceedings in the Washington county circuit court and in *Jenkins* v. *Talbot, supra.* The writ is a common law writ as generally recognized in this country. (*Ex parte Cooper,* 143 U. S. 71; 36 id. (L. ed.) 232.) The exactions of common law pleadings have, however, never been recognized. The practice originally was to file a suggestion, with an affidavit in support thereof, where prohibition was sought for reasons not appearing on the face of the proceedings. (*In re Baiz,* 135 U. S. 403; 34 id. (L. ed.) 222.) It now may be made by complaint or declaration or by affidavit. It is necessary that the petition, however named, disclose facts from which the lower court, unless prohibited, will act beyond or in excess of its jurisdiction, and there must also appear such other facts as are necessary to justify the issuance of the writ. As we have seen, the verified petition in this case set out as facts the various proceedings in the respondent court as well as proceedings in this court and the circuit court of Cook county. It was not necessary that the records of the Washington county circuit court or of *Jenkins* v. *Talbot, supra,* be set out *in hæc verba.* While under the common law practice the respondent is said to demur or plead to the "declaration," it is not required that a common law declaration be filed.

We are of the opinion that this court not only has jurisdiction to enter a writ of prohibition in this case, but that in order to prevent the nullification of its judgment heretofore entered in the *Jenkins case* and in order to prevent

ruin of the petitioner society, which must follow if it be relegated to its remedy by appeal, this court should award this writ. The writ of prohibition is therefore awarded as prayed.

*Writ awarded.*

Mr. JUSTICE ORR, dissenting:

With due deference to the majority opinion, it seems clear to me that this court does not have jurisdiction to entertain this original application for a writ of prohibition. It is, of course, conceded in the majority opinion that this court has no original jurisdiction to issue writs of prohibition and that it can issue such writs only in aid of its appellate jurisdiction. (*People* v. *Circuit Court,* 169 Ill. 201, and 173 id. 272.) The question, therefore, is whether allowance of the present application would be in aid of the appellate jurisdiction of this court.

The former appeal in *Jenkins* v. *Talbot,* 338 Ill. 441, is relied upon as the basis for the point that the court has at this time power to entertain the present application in aid of its appellate jurisdiction, but in that case this court did not enter the judgment or decree now sought to be protected. It merely affirmed the decree of the circuit court of Cook county, from which the appeal had been taken. The concluding sentence of the opinion in that case was as follows: "We find no error in the decree of the circuit court, and it will therefore be affirmed."

When a superior court affirms a decree it simply decides that there is no error in the decree and that the decree of the lower court should therefore stand. The superior court does not, by affirming, either adopt the decree of the inferior court as its own or promulgate as its decree the decree of the inferior court. It is only when the superior court either enters a decree of its own (other than a mere affirmance) or directs the inferior court to enter a particular decree that the decree entered can be considered in any sense the decree of the superior court. (*Smith* v. *Dugger,*

318 Ill. 215; *People* v. *Gilmer,* 5 Gilm. 242.) It is, of course, recognized that if this court either enters such a judgment or decree of its own, as permitted by the statute, (*Smith* v. *Dugger, supra,*) or directs the lower court to enter a certain decree, that decree becomes the decree of this court and not of the inferior court. But the result is not the same where this court, finding no error in the decree of the inferior court, permits that decree to stand by affirming it.

The only case in this State which deals with this question is *People* v. *Superior Court,* 234 Ill. 186, which is cited in the majority opinion. In that case it appeared that Ralph Lipsey had been convicted and sentenced to the penitentiary. He sued out a writ of error to this court to review the record. The judgment was affirmed and the mandate of this court issued. Thereafter a writ of *habeas corpus* was issued by a judge of the superior court of Cook county on the theory that the judgment of conviction was void, and pursuant thereto Lipsey was delivered into the custody of the sheriff of Cook county. An original petition for *certiorari* was filed in this court to review the record of the superior court in the *habeas corpus* proceeding, and on that review the record of the superior court was quashed. This court held that it had jurisdiction to entertain that proceeding in aid of its appellate jurisdiction in the former case but based its decision entirely upon the nature of the judgment which was entered by this court in that case pursuant to the statute. The court referred to the statute which applies only to criminal cases, as follows: "Section 465 of chapter 38, Hurd's Revised Statutes of 1905, provides: 'If the judgment is affirmed, the Supreme Court shall direct the court in which the original sentence was rendered to carry the same into effect, and shall give judgment against the plaintiff in error for costs, and execution may issue therefor from the Supreme Court.' " And the court then stated the question before it for decision, as follows: "The ques-

tion is, may we issue the writ to prevent the unauthorized and illegal acts of a court or judge interfering with the execution of a judgment which we have affirmed and which we have directed the criminal court to carry into effect?"

The discussion in the opinion in that case shows that it was because of this statutory provision and the nature of the judgment entered by this court in criminal cases that the court held it had jurisdiction to entertain the *certiorari* proceeding. Thus, the following language and thought permeate the entire discussion on this question: "Here we have affirmed the judgment of the criminal court and have directed that it be carried into effect." And in concluding the discussion on this subject the court said: "Under such circumstances a writ of *certiorari* may properly issue from this court in aid of and to protect the appellate jurisdiction of this court and to prevent an unlawful interference with the execution of the sentence which this court has directed the criminal court to carry into effect." In the present case, however, and in all other civil cases where this court on appeal or writ of error merely affirms a judgment or decree, there is no reason whatever for holding that by affirmance this court either adopts the judgment or decree of the trial court or promulgates it as the judgment or decree of this court. A mere affirmance in this respect has no more effect than if the judgment or decree of the trial court had never been appealed from. It is the judgment or decree of the trial court which is effective as *res judicata* and not any judgment or decree of this court. Interference with the decree of a trial court in such case is not in any sense an interference with a decree of this court. It is not in any sense an interference with or encroachment upon the appellate jurisdiction of this court. Whatever power this court might have to protect its appellate jurisdiction in a case still pending before it, or in a case where this court had entered or directed the entry by the trial court of a particular decree, no such power exists to pro-

tect a decree of a trial court which this court has merely held was free from error.

The only other decisions cited on this point in the majority opinion are *City of Palestine* v. *City of Houston*, 262 S. W. (Tex.) 215, and *State* v. *White*, 40 Fla. 297, 24 So. 160. The latter case is easily disposed of. It holds, merely, that where the superior court by its mandate directs the inferior court to enter a particular decree, the inferior court cannot, without the permission of the superior court, entertain a bill to review that decree. So far as that case may be considered an authority against the right of a trial court to entertain a bill of review after an affirmance of a decree by this court it is in conflict with *Schaefer* v. *Wunderle*, 154 Ill. 577, where it was held that even after this court has affirmed a decree the lower court may entertain a bill of review to review that decree. *City of Palestine* v. *City of Houston* was decided by the Court of Civil Appeals of Texas, which is an intermediate appellate court comparable to our Appellate Court. Although the court there held that a writ of prohibition would issue by that court in aid of its appellate jurisdiction after an affirmance of a decree by that court, it is clear that this was because of a peculiar practice in Texas which does not exist here. Thus, the two decisions relied upon by the court in that case (*Cattleman's Trust Co. of Fort Worth* v. *Willis*, 179 S. W. 1115, and *Williams* v. *Foster*, 229 id. 896,) show that the Court of Civil Appeals had, in fact, entered something more than mere judgments of affirmance. In the *Cattleman's Trust Co. case* it appeared that the Court of Civil Appeals in affirming the trial court entered its own judgment for the amount of the judgment in the lower court, together with the further sum of ten per cent thereon as damages for delay, etc. And the opinion in the *Williams case* shows that it was only in pursuance of the mandate of that court that the judgment of the trial court was "recorded" and made effective. Thus, in both cases the judg-

ment was something more than a mere judgment of affirmance. In both cases it was the judgment of the superior court itself, and not the judgment of the inferior court, which was being violated and as to which the writ of prohibition issued.

In the case before us the majority opinion seeks to show that it is the judgment of this court which has been interfered with by the circuit court of Washington county. Thus it states: "The judgment of this court which the temporary injunction of the respondent court was designed to affect was that section 42 of the by-laws as amended was a valid and legal by-law, and that judgment therefore necessarily fixed the right of the petitioner society to collect the assessment provided for by that by-law, and the temporary injunction could have no other effect than to obstruct that judgment." In my opinion that language discloses the fallacy of the majority opinion. This court entered no such judgment as that referred to. The decree sustaining the validity of the by-law was the decree of the trial court. All this court did was to say that the decree of the trial court was free from error. The opinion of this court or the reasons therein stated do not constitute a "judgment" in the sense here used. The only judgment of this court in the case is a formal one, merely affirming the decree of the circuit court of Cook county. It is only the decree of the circuit court, and not the judgment of affirmance by this court, which is affected by the proceeding in the circuit court of Washington county, and this court has no power to issue a writ of prohibition to protect the decree of the trial court.

Moreover, it seems clear that the decision of this court denying the former application for a writ of prohibition in this case is conclusive upon the right to issue the writ upon the present application. When the former application was made to this court for the writ of prohibition the bill for injunction had been filed in the circuit court of Wash-

ington county. That court either had or did not have juris-
diction to entertain that proceeding at that time. If that
court had no such jurisdiction at that time, and if this
court had power to issue the writ in a case of this kind,
the former application for the writ of prohibition should
have been granted. By denying the writ of prohibition on
October 11, 1930, this court necessarily decided that the
circuit court of Washington county had jurisdiction of the
subject matter and power to render some decision in the
case. Clearly, the denial of the writ of prohibition at that
time amounted to a holding that the circuit court could en-
tertain the proceeding and render a decision. If the circuit
court had such jurisdiction at that time its jurisdiction is
not at all affected by reason of the fact that it has made,
or may make, a decision for complainants rather than for
defendants in that case. "Jurisdiction is the power to hear
and determine the matter in controversy between parties,
and if the law gives the court power to render a judgment
or decree then the court has jurisdiction. Jurisdiction does
not depend upon the correctness of the decision and is not
lost by an erroneous decision." (*Lyon & Healy* v. *Piano
Workers' Union,* 289 Ill. 176.) "Jurisdiction does not de-
pend on the rightfulness of the decision. It is not lost be-
cause of an erroneous decision, however erroneous that de-
cision may be." (*O'Brien* v. *People,* 216 Ill. 354.) The
present opinion of the majority of this court demonstrates
that the writ of prohibition will not issue except where
the inferior court is without jurisdiction of the subject mat-
ter of the proceeding pending before it. It therefore seems
clear that the denial by this court of the first application
for a writ of prohibition was a conclusive determination
that the circuit court of Washington county had jurisdic-
tion to entertain and enter some kind of a decree in the
injunction suit. The mere fact that the circuit court may
decide the case erroneously does not deprive it of its juris-
diction or render its action void. It is my opinion that

this court is bound by its decision denying the first application for the writ of prohibition.

Where a superior court, on appeal, expressly directs the inferior court to enter a certain judgment or decree, it is, of course, the duty of the inferior court to do so. It can not take any other or different action than that directed by the superior court, (*Fisher* v. *Burks,* 285 Ill. 290,) and yet the failure or refusal of the inferior court in the same case to comply with the mandate of the superior court does not deprive the inferior court of jurisdiction or render its action void. Such action constitutes merely error, which may be reviewed on a further appeal. (*Vail* v. *Arkell,* 146 Ill. 363; *Smith* v. *Dugger, supra.*) And so in this case the injunctional order of the circuit court was not void. At most it was merely erroneous and the appropriate remedy was by appeal from that order.

The majority opinion takes the view that an appeal would not have constituted an adequate remedy for the protection of the defendant in that case. With deference, it seems to me that the question of expediency and the necessities of the petitioner, if it has any proper place in this case, should not be made the controlling consideration in determining the jurisdictional question. The argument is, that unless the writ of prohibition is issued the interlocutory injunctional order will prevent the petitioner from collecting large sums of money as premiums at the increased rate and so will damage its business. But if the petitioner will be so injured, it is apparent that in the absence of the injunctional order the one million members of the petitioner will be injured to the same extent by being required to pay that amount of money in increased rates. The question which this court has undertaken to decide is whether the original decree of the circuit court of Cook county constitutes *res judicata* in the present suit in the circuit court of Washington county. That is a question of which the latter court has jurisdiction and which it should decide

on the record before it without interference by this court. If, whenever this court affirms a judgment or decree of a trial court, it is to follow the case and ascertain whether a new suit is instituted on the same cause of action, and, if so, to issue a writ of prohibition against the trial court, there will be no end to the number of such applications which this court will be called upon to grant. The great number of cases in which the question of *res judicata* is raised attests this. I know of no case where this court has undertaken to transfer to itself a question of that kind properly before a trial court for decision, even where the decree was a decree entered or directed by this court. Much less reason is there for this court to protect a decree entered by a trial court, which is not in any sense the decree of this court.

Even assuming that the decision in this case should be placed upon the ground of expediency, does it appear that the petitioner was without adequate remedy except by the application for a writ of prohibition? Under the provisions of section 123 of the Practice act (Cahill's Stat. 1931, chap. 110, par. 122, p. 2189,) the defendant was entitled to appeal immediately from the injunctional order. The appeal could have been perfected in a few days, and would, by virtue of the statute, take precedence over other causes in the Appellate Court and a prompt decision could have been obtained. As it is, the decision of this court in the present case was not rendered until more than a year after the date of the injunctional order. Furthermore, if the circuit court of Washington county had no jurisdiction to entertain the bill for an injunction, as the majority opinion holds, the defendant in that case could have filed a bill for an injunction restraining the complainants from prosecuting that suit, or it could have applied to this court for a writ of *mandamus* to expunge the injunctional order on the ground it was void, and this court, having original jurisdiction in *mandamus,* could have granted that relief.

In view of the remedies which were available to petitioner, and in my opinion clearly adequate, I see no reason or justification for the exercise of a jurisdiction (by writ of prohibition) which in my judgment the court does not have in such a case. So far as I have been able to ascertain, litigants have sought to invoke the jurisdiction of this court to grant a writ of prohibition in only three cases during the past century, and it is significant that this jurisdiction has not been exercised in a single case. The closest approach to the exercise of such a jurisdiction by this court was in *People* v. *Superior Court, supra,* where the court issued a writ of *certiorari.* But, as above stated, jurisdiction clearly appeared in that case by reason of the fact that this court had done something more than merely to approve a judgment of the trial court. There, in obedience to a statute, the court not only affirmed the judgment but also "directed that it be carried into effect." In view of that distinguishing and controlling circumstance the decision not only fails to support the majority opinion in the present case but is an authority against it.

For the above reasons I am of the opinion that the application for the writ of prohibition should have been denied.

Mr. JUSTICE JONES, also dissenting:

This court has no original jurisdiction to award a writ of prohibition and will not award one except in aid or protection of the court's appellate jurisdiction. Appellate jurisdiction is not involved unless there is pending in this court, either by appeal or writ of error, a proceeding which will be interfered with by the action of some other court, or unless an order or mandate entered in the exercise of the appellate jurisdiction of this court is being interfered with or endangered by the action of some other court. The petition before us discloses that the decree in *Jenkins* v. *Talbot,* 338 Ill. 441, is not now pending in this court. It was once

here on appeal from the circuit court of Cook county and was affirmed without modification and without directions concerning further proceedings under it. Where a final judgment is affirmed on appeal in all its parts and the case is not remanded to the lower court for further proceedings the judgment of the lower court is in full force and effect, precisely the same as though no appeal had been taken. There is no case pending in this court nor has there been any mandate entered here with which the circuit court of Washington county threatens to interfere. The writ is a prerogative writ, to be used with great caution and forbearance and to be issued only in cases of great necessity.

For the reason that I believe the award of the writ is not in aid of the appellate jurisdiction of this court I am compelled to dissent from the majority opinion.