(No. 34506.—■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS *vs.* NATIONAL BUILDERS BANK OF CHICAGO *et al.*—(SYLVIA KAMM, Appellee, *vs.* JULIA A. ADAMS BAIRD-SMITH, Appellant.)

*Opinion filed Nov. 20, 1957—Rehearing denied Jan. 20, 1958.*

LIONEL G. THORSNESS, and ALFRED F. BECK, of Chicago, for appellant.

SIDNEY W. MANDEL, KALMAN S. LIEBERMAN, and JOSEPH J. SULLIVAN, JR., all of Chicago, for appellee.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

This case poses a threshold question of whether an order or decree of a trial court, entered after reversal and remandment by this court and in full compliance with its specific directions and mandate, can be in error. If this query is answered in the negative, then the only question open to consideration on this appeal is whether the trial court followed the guidance and mandate of this court in its subsequent order or decree. The decision on the former appeal settled every question which was then raised or might have been raised. *People ex rel. Stuckart* v. *Day,* 277 Ill. 543.

In the case at bar, Julia A. Adams Baird-Smith, herein called respondent, appealed from an order of the superior court of Cook County which directed the registrar of titles to issue to S. Kamm an owner's duplicate certificate of title to certain realty in Cook County, without the production and cancellation of the outstanding certificate of title, and to transfer the registered title to said property from the present registration of Julia A. Adams and Maurice Adams to S. Kamm.

A prior appeal involving the same parties and property was decided by this court in *People* v. *National Builders Bank,* 10 Ill.2d 121, where all pertinent facts are related. There we reversed the order of the superior court of Cook County and remanded the cause to that court with particular

directions. At page 129, we stated: "We therefore hold that the provisions as to service of notice contained in section 83 of the Torrens Act are conditions precedent which were not met and without which the lower court had no jurisdiction to order the issuance of a new owner's certificate of title without requiring the outstanding certificate to be surrendered for cancellation. By so holding, it is not our intention to infer that the notice given in accordance with sections 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1953, chap. 120, pars. 744 and 747,) was in any manner irregular, or that the superior court erred in ordering the tax foreclosure deed to issue. Neither will this decision preclude the lower court from entertaining a subsequent petition for certificate filed by appellee in accordance with the provisions of the Torrens Act. For the reasons stated, the order of the superior court of Cook County is reversed and the cause is remanded to that court with directions to vacate only so much of its order as directs the issuance of a new owner's duplicate certificate of title, and to entertain such further proceedings as may be in accordance with this decision."

During the pendency of the former appeal, S. Kamm, herein called petitioner, filed the tax foreclosure deed in the office of the registrar of titles, as a memorial against the real estate involved. On January 28, 1957, the mandate, which issued upon the former judgment of this court, and a certified copy of our opinion was filed in the office of the clerk of the superior court. On February 11, 1957, after notice to attorneys of record, the petitioner filed her verified petition for transfer of the registered title to the property in question and for other relief, and summons was issued against the respondents as ordered by the court. Personal service was had upon the registrar of titles on February 14, and upon Julia A. Adams Baird-Smith on February 15, 1957. The answer of the registrar of titles stated that he was not informed as to whether petitioner was entitled to

the relief sought. The answer of Julia A. Adams Baird-Smith denied that petitioner was entitled to a transfer of the title and the issuance of a new owner's certificate in that petitioner had failed to comply with sections 83 and 88 of the Torrens Act within the one-year period limited by section 271 of the Revenue Act and to cause notice to be served under sections 83 and 88 of the Torrens Act within the time required by sections 263 and 266 of the Revenue Act. The answer further alleged that all proceedings prior to service of summons on February 15, 1957, were void. Hearing was had before the court upon the petition and answers. No evidence was introduced. On April 10, 1957, the court entered the order from which this appeal was taken.

In our former opinion we determined that the trial court did not err in ordering the tax foreclosure deed to issue. It follows that the deed issued pursuant to that order is valid. We further held that the provisions for service of notice required by section 83 of the Torrens Act had not been met, but specifically stated that our decision would not preclude the trial court from entertaining a subsequent petition for a new owner's certificate pursuant to the provisions of the Torrens Act. Finally, we remanded the cause to the trial court with directions to vacate only so much of its order as directs the issuance of a new owner's duplicate certificate of title and directed the trial court to entertain further proceedings in accordance with our opinion. Thus the right of petitioner to apply for the transfer of title and the issuance of a certificate in subsequent proceedings was clearly preserved by our former decision and is not open to question in this case. The respondent does not contend that the decree of the trial court failed to comply with the directions and mandate of this court, but rather urges the technical errors set forth in her answer.

Where an order or decree is reversed and the cause is remanded by this court, with specific directions as to the

action to be taken by the trial court, the only question properly presented on appeal is whether the order or decree is in accordance with the mandate and directions of this court. (*Smith* v. *Dugger*, 318 Ill. 215; *People ex rel. Stuckart* v. *Day*, 279 Ill. 148.) It is the duty of the trial court to follow those directions, and an order or decree entered in accordance with such directions is without error. Such order or decree is, in fact, the judgment of this court promulgated through the trial court, and it is final and conclusive upon all the parties. *Smith* v. *Dugger*, 318 Ill. 215; *People ex rel. McKee* v. *Gilmer*, 5 Gilm. 242.

The record definitely shows that the proceedings in the trial court were in accordance with the mandate and directions of this court and in compliance with the pertinent provisions of the Torrens Act. In view of this determination we do not reach the errors assigned by the respondent. Accordingly, the order of the superior court of Cook County is affirmed.

*Order affirmed.*