Bell, J.
Respondent states, as follows, the question raised by the first ground of the demurrer: “Can a Court of Common Pleas issue a writ of prohibition?”
We believe the question thus stated is too broad under the facts of this case. We do not have here a situation where jurisdiction has already been conferred on the Court of Common Pleas and an attempt is being made by some inferior tribunal to interfere with that jurisdiction. There have been decisions in other jurisdictions recognizing the power to issue the writ in such a situation. Tlius, under the Illinois Constitution, which grants to the Supreme Court of that state original jurisdiction only in revenue matters, mandamus and habeas corpus, it was held in People, ex rel. Sokoll, v. Municipal Court of Chicago, 359 Ill., 102, 194 N. E., 242, that, although the Supreme Court does not have original jurisdiction to issue writs of prohibition, it may issue such writs in aid of or to protect its appellate jurisdiction. See, also, People, ex rel., v. Circuit Court of Cook County, 169 Ill., 201, 48 N. E., 717; People, ex rel. Modern Woodmen of America, v. Circuit Court of Washington County, 347 Ill., 34, 179 N. E., 441.
We do not consider it necessary to decide here whether the Court of Common Pleas, which has assumed jurisdiction of an appeal from a Municipal Court, has jurisdiction to issue a writ of prohibition to prevent the Municipal Court from taking further action pending such appeal.
Consequently, the question to be considered herein will be limited as follows: In Ohio, does the Court of Common Pleas have original jurisdiction to issue a writ of prohibition?
The basis for the jurisdiction of the Court of Common Pleas, as, in fact, of all the courts in Ohio, is found in Section 1, Article IV of the Constitution. In regard to the Court of Common Pleas, specifically, Section 4, Article IV of the Constitution, provides:
“The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law.”
As was said by Ranney, J., more than a century ago:
“The Constitution itself confers no jurisdiction whatever upon that court [Court of Common Pleas], either in civil or criminal cases. It is given a capacity to receive jurisdiction in *237 all such, cases, but it can exercise none, until ‘fixed by law.’ ” Stevens v. State, 3 Ohio St., 453.
That this lias generally been considered the law is evidenced by the following statement found in 14 Ohio Jurisprudence (2d), 584, Section 166:
‘ ‘ The Courts of Common Pleas are the constitutional courts of general original jurisdiction in Ohio, but they are capable of exercising only such jurisdiction as is conferred by the Legislature. The Constitution itself confers no jurisdiction whatever upon the Common Pleas Court, either in civil or criminal cases, but merely gives that court capacity to receive jurisdiction which shall be fixed by, law. The Constitution declares that the jurisdiction of the Courts Of Common Pleas, and of the judges thereof shall be fixed by law. This constitutional provision is not self-executing, but must be enforced by appropriate legislation, and in this sense, therefore, the jurisdiction of the Common Pleas Court can be said to be statutory.”
It is contended by counsel for relator and by amicus curiae that Section 2305.01, Revised Code, which confers upon the Court of Common Pleas ‘ ‘ original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace,” is a legislative grant to the Court of Common Pleas of all-encompassing jurisdiction over all matters in law and equity, which is not denied to it. If the Constitution of Ohio conferred on the Court of Common Pleas general common-law jurisdiction, we would be inclined to agree with counsel and to hold that such jurisdiction included that necessary to issue a writ of prohibition. See State, ex rel. Standard Oil Co., v. Review Board of the Indiana Employment Security Division, 230 Ind., 1, 101 N. E. (2d), 60; 111 Am. St. Rep., 934.
But the term, “civil action,” as used in the Code, is a term adopted by those who drafted and enacted the Code of Civil Procedure to abolish the distinction which earlier existed between actions at law and suits in equity. Klonne v. Bradstreet, 7 Ohio St., 322; Dixon, Jr., v. Caldwell, 15 Ohio St., 412, 415, 86 Am. Dec., 487. As such the use-of the term was not intended to confer jurisdiction beyond that contemplated by the Constitution.
*238 In Chinn v. Trustees, 32 Ohio St., 236, in the second paragraph of the syllabus, this court held:
“The civil action of the Code is a substitute for all such judicial proceedings as were previously known, either as actions at law or suits in equity, and does not embrace proceedings in mandamus.” (Emphasis added.)
Nor do we think the “civil action” of the Code embraces proceedings in prohibition.
The Code of Civil Procedure was adopted in Ohio in 1853 (51 Ohio Laws, 57). Section 604 of the original Code read as follows:
“Until the Legislature shall otherwise provide, this Code shall not affect proceedings in habeas corpus, quo warranto, or to assess damages for private property taken for public uses; nor proceedings under the statutes for the settlement of estates of deceased persons; nor proceedings under statutes relating to dower, divorce, or alimony; or to establish, or set aside a will; nor proceedings under statutes relating to apprentices, arbitration, bastardy, insolvent debtors; nor any special statutory remedy not heretofore obtained by action; but such proceedings may be prosecuted under the Code, whenever it is applicable.”
Here was an express legislative declaration excluding from the operation of the Code of Civil Procedure the special proceedings mentioned. (This section no longer appears in the Code. In the revision of 1878, undoubtedly as a result of the decision in Chinn v. Trustees, supra, a year earlier, it was considered obsolete and omitted.)
Since then, the Legislature has, from time to time, pursuant to the Constitution, conferred jurisdiction in certain special proceedings on the Court of Common Pleas and other courts, until, as to nearly all the things excluded in Section 604 of the original Code of Civil Procedure, the Legislature has “otherwise provided.” Thus, to name a few and without any attempt to put them in chronological order, the Court of Common Pleas has original jurisdiction in actions for the appropriation of land (Section 2709.01, Revised Code), for divorce (Section 3105.01), to contest wills (Section 2741.01), to enforce arbitration contracts (Section '2711.03), to partition real estate (Section *239 5307.03), to quiet title to real estate (Section 5303.01), and many others.
Most significant, however, is the fact that the Legislature has specifically granted original jurisdiction to the Court of Common Pleas as to the extraordinary remedies of habeas corpus (Section 2725.02, Bevised Code) and mandamus (Section 2731.02), actions in both of which, along with prohibition, quo warranto and procedendo, may, under the Constitution, originate in the Supreme Court and the Court of Appeals. Had it been the intent of the Legislature to also clothe the Court of Common Pleas with original jurisdiction in prohibition, it could have done so in the same manner as it did in regard to habeas corpus and mandamus.
Although statements may be found in some reported cases of this court which might intimate that jurisdiction in prohibition is inherent in the Court of Common Pleas' {Saxton v. Seiberling, 48 Ohio St., 554; State v. King, 166 Ohio St., 293, 142 N. E. [2d], 222), we are of the opinion that such jurisdiction in an original proceeding does not exist in the absence of statutes conferring it.
As we have reached the conclusion that the Court of Common Pleas of Hamilton County did not have jurisdiction over the subject of the action, it is unnecessary to pass on the second ground of the demurrer.

Judgment reversed.

Zimmerman, Stewart, Matthias and Herbert, JJ., concur.
Weygandt, C. J., dissents.
Taet, J., not participating.